The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUIZ FAJARDO INGENIEROS ASOCIADOS S.A.S., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FLOW INTERNATIONAL CORPORATION, a Delaware corporation,<br><br>Defendant. | NO. 2:16-CV-01902-RAJ<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING TREATMENT OF CONFIDENTIAL MATERIALS PRODUCED IN LITIGATION |

Plaintiff Ruiz Fajardo Ingenieros Asociados, S.A.S. ("Ruiz Fajardo") and Defendant Flow International Corporation ("Flow") have determined that certain information to be produced in this action may contain "CONFIDENTIAL" material (as defined below), the unauthorized disclosure of which could be detrimental to the legitimate commercial or privacy interests of the party that produced or designated this information as confidential or would contravene applicable law. As such, the parties hereby stipulate, through their respective undersigned counsel, to entry of the following protective order as an order of the above-captioned Court ("Stipulated Protective Order").

[PROPOSED] STIPULATED PROTECTIVE ORDER (2:16-CV-01902-RAJ) - 1 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

**STIPULATED PROTECTIVE ORDER**

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with Local Civil Rule (LCR) 26(c). It does not confer blanket protection on all disclosures or responses to discovery; rather, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file "CONFIDENTIAL" material under seal.

2. "CONFIDENTIAL" MATERIAL

"CONFIDENTIAL" material shall include the following documents and tangible things produced or otherwise exchanged in this litigation: (1) financial information including, but not limited to, financial statements and related notes, business plans, financial projections, and any other information reflecting the parties' profits, losses, income, or expenses; and (2) client information including, but not limited to, client identities, services provided to particular clients, and pricing for particular clients.

3. SCOPE

The protections conferred by this agreement cover not only "CONFIDENTIAL" material (as defined above), but also (1) any information copied or extracted from "CONFIDENTIAL" material; (2) all copies, excerpts, summaries, or compilations of "CONFIDENTIAL" material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal "CONFIDENTIAL" material. However, the protections conferred by this Stipulated Protective Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

[PROPOSED] STIPULATED PROTECTIVE ORDER (2:16-CV-01902-RAJ) - 2 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

16-1902. Stipulated Protective Order.docx/080918 1505/8404-0001

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

    4.1    <u>Basic Principles</u>.  A receiving party may use "CONFIDENTIAL" material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  "CONFIDENTIAL" material may be disclosed only to the categories of persons and under the conditions described in this agreement.  "CONFIDENTIAL" material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

    4.2    <u>Disclosure of "CONFIDENTIAL" Material</u>.  Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose "CONFIDENTIAL" material only to:

    (a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation, with the exception of any attorneys/employees in DLA Piper's Bogota, Colombia offices;

    (b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

    (c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)    the Court, court personnel, and court reporters and their staff;

    (e)    copy or imaging services retained by counsel to assist in the duplication of "CONFIDENTIAL" material, provided that counsel for the party retaining the copy or imaging

[PROPOSED] STIPULATED PROTECTIVE ORDER (2:16-CV-01902-RAJ)    - 3 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

16-1902. Stipulated Protective Order.docx/080918 1505/8404-0001

service instructs the service not to disclose any "CONFIDENTIAL" material to third parties and to immediately return all originals and copies of any "CONFIDENTIAL" material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal "CONFIDENTIAL" material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 <u>Filing Confidential Material</u>. Before filing "CONFIDENTIAL" material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the "CONFIDENTIAL" designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. LCR 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

[PROPOSED] STIPULATED PROTECTIVE ORDER (2:16-CV-01902-RAJ) - 4 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

16-1902. Stipulated Protective Order.docx/080918 1505/8404-0001

1 | Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains "CONFIDENTIAL" material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within 30 days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL."  Until expiration of that 30-day period, the entire deposition or hearing transcript shall be treated as "CONFIDENTIAL."  If a party or non-

[PROPOSED] STIPULATED PROTECTIVE ORDER (2:16-CV-01902-RAJ)   - 5 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

16-1902. Stipulated Protective Order.docx/080918 1505/8404-0001

party desires to protect "CONFIDENTIAL" information at trial, the issue should be addressed during the pre-trial conference.

        (c)    <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

    5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1    <u>Timing of Challenges</u>. A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time made; however, any such challenge must be made prior to 30 days after the discovery cutoff. If a party disagrees with a designation, that party shall provide to the producing party written notice of its objection to the designation. The parties shall make reasonable and diligent efforts to resolve any dispute regarding a "CONFIDENTIAL" designation in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court. Such a request shall not be made before seven days after the producing party is served with written notice of the objection. The burden of proving that information has been properly designated as "CONFIDENTIAL" is on the party making such designation.

    6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding "CONFIDENTIAL" designations without court involvement. Any motion regarding "CONFIDENTIAL" designations or for a protective order must include a certification, in the

[PROPOSED] STIPULATED PROTECTIVE ORDER (2:16-CV-01902-RAJ)   - 6 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

16-1902. Stipulated Protective Order.docx/080918 1505/8404-0001

motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under LCR 7 (and in compliance with LCR 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as "CONFIDENTIAL" until the court rules on the challenge.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose "CONFIDENTIAL" material may be affected.

If the designating party seeks a protective order within 14 days of the date of service of the notification pursuant to the foregoing Paragraph 7(a), the party served with the subpoena or

[PROPOSED] STIPULATED PROTECTIVE ORDER (2:16-CV-01902-RAJ) - 7 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

court order shall not produce any "CONFIDENTIAL" material before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its "CONFIDENTIAL" material. If the party served with the subpoena or court order is required by that subpoena or court order to produce the materials at issue before the court rules on the designating party's motion for a protective order, then producing those materials in compliance with the subpoena or court order does not constitute a violation of this Stipulated Protective Order.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed "CONFIDENTIAL" material to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately: (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Federal Rule of Evidence 502(d) as set forth herein.

[PROPOSED] STIPULATED PROTECTIVE ORDER (2:16-CV-01902-RAJ) - 8 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

16-1902. Stipulated Protective Order.docx/080918 1505/8404-0001

10. NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all non-electronic confidential material to the producing party, including all copies, extracts, and summaries thereof, and must destroy all electronic "CONFIDENTIAL" material, including all copies, extracts, and summaries thereof. Upon the producing party's request, the receiving party shall verify the return or destruction by affidavit furnished to the producing party.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain "CONFIDENTIAL" material.

Any destruction obligations under this Stipulated Protective Order shall not apply to electronically stored information in archival form stored on backup tapes or computer servers that are created for disaster recovery/archive purposes, provided that such electronic archives are not used as reference materials for a receiving party's business operations.

11. MODIFICATION

The confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. Nevertheless, the parties shall retain the right to file a motion with the Court to: (a) modify this Stipulated Protective Order to allow disclosure of "CONFIDENTIAL" material to additional persons or entities if reasonably necessary to prepare and present this action; or (b) apply for additional protection of "CONFIDENTIAL" material.

//

//

//

[PROPOSED] STIPULATED PROTECTIVE ORDER (2:16-CV-01902-RAJ) - 9 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

16-1902. Stipulated Protective Order.docx/080918 1505/8404-0001

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 8th day of May, 2018.

| DLA PIPER LLP (US) | BETTS, PATTERSON & MINES, P.S. |
|---|---|
| *s/ Andrew R. Escobar* | *s/ James D. Nelson* |
| Andrew R. Escobar, WSBA #42793 | James D. Nelson, WSBA #11134 |
| Jeffrey DeGroot, WSBA #46839 | Shaina R. Johnson, WSBA #46079 |
| DLA PIPER LLP (US) | Natalie A. Moore, WSBA #45333 |
| 701 Fifth Avenue, Suite 7000 | One Convention Place |
| Seattle, Washington 98104-7044 | 701 Pike Street, Suite 1400 |
| Tel: 206.839.4800 | Seattle, Washington 98101-3927 |
| Fax: 206.839.4801 | Tel: 206.292.9988 |
| E-mail: andrew.escobar@dlapiper.com | Fax: 206.343.7053 |
| E-mail: jeffrey.degroot@dlapiper.com | E-mail: jnelson@bpmlaw.com |
| *Attorneys for Defendant* | E-mail: sjohnson@bpmlaw.com |
| | E-mail: nmoore@bpmlaw.com |
| | *Attorneys for Plaintiff* |

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 9th day of August, 2018.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER (2:16-CV-01902-RAJ) - 10 -

Betts Patterson Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

16-1902. Stipulated Protective Order.docx/080918 1505/8404-0001

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ in the case of Ruiz Fajardo Ingenieros Asociados S.A.S. v. Flow International Corp., No. 2:16-cv-01902-RAJ. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:

City and State where sworn and signed:

Printed name:

Signature:

[PROPOSED] STIPULATED PROTECTIVE ORDER (2:16-CV-01902-RAJ)    - 11 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

16-1902. Stipulated Protective Order.docx/080918 1505/8404-0001