HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUIZ FAJARDO INGENIEROS ASOCIADOS S.A.S., <br><br> Plaintiff, <br><br> v. <br><br> FLOW INTERNATIONAL CORPORATION, <br><br> Defendants. | CASE NO. C13-1007 RAJ <br><br> ORDER |

This matter comes before the court on Defendant Flow International Corporation's ("Flow") "Motion for Short Extension of Case Schedule and For a Protective Order" ("Motion"). Dkt. # 18. Plaintiff Ruiz Fajardo Ingenieros Asociados S.A.S. ("Ruiz Fajardo") has opposed this Motion, and Flow has filed a Reply. Dkt. ## 21, 23. Upon request, both parties have also filed status reports on the state of discovery. Dkt. ## 26, 27.

This Court originally set a trial date in this case of March 19, 2018, which the Court extended to September 17, 2018 based on the parties' stipulation. Dkt. ## 15, 17. The same order set the discovery deadline as May 18, 2018. Dkt. # 17. On May 3, 2018,

ORDER- 1

Flow filed its Motion, asking this Court to extend the trial date and associated deadlines by three months. Dkt. # 18 at 3. Apparently, the parties did not engage in any meaningful discovery until weeks before the discovery cutoff; when informal settlement talks broke down, both parties attempted to seek discovery but were unsatisfied with the other side's responses. *Id.* at 3-9; Dkt. # 21 at 3-6. Both parties attempted to depose the other party's witnesses, but these depositions did not happen for reasons and fault the parties contest. Dkt. # 18 at 7-9; Dkt. # 21 at 11-12. Defendant also requests a "protective order" allowing for additional time to respond to discovery, and to allow it to renote its depositions of Plaintiff's witnesses. Dkt. # 18 at 10-11. Ruiz Fajardo apparently does not oppose Defendant taking additional time to answer discovery, but requests that this Court only allow Ruiz Fajardo to renote its depositions, and not Flow. Dkt. # 21 at 11-13.

Ruiz Fajardo initially opposed Defendant's proposed extension, arguing that unpreparedness is not good cause for an extension, and that Ruiz Fajardo did not want to delay the trial any further. Dkt. # 21 at 7-9. However, Ruiz Fajardo later stated in a status report that it could not be prepared for a September 17, 2018 trial date, and instead proposed a February 18, 2019 trial date. Dkt. # 26. Both sides confirm in recent status reports that no meaningful discovery has occurred since Defendant filed its Motion, and both sides now seem to agree that the trial date should be continued, with Ruiz Fajardo now arguing for the longer extension. Dkt. ## 26, 27.

The Court is sorely disappointed with this development. The parties assume that the Court will accommodate their failure to adequately prepare for trial. The Court, as a general matter, is reluctant to entertain this assumption. The dispositive motion deadline has come and gone and motions in limine are due in less than three weeks. Instead of diligently litigating this case and respecting the deadlines imposed by this Court, the parties let the case stagnate until only weeks before the discovery deadline and assumed that the Court would grant a continuance. Worse, the parties have failed to engage in any

meaningful discovery over the summer, and now appear wholly unprepared for trial. Dkt. # 26 at 2; Dkt. # 27 at 2-4. The parties have not taken any depositions, and have apparently only started exchanging documents as of earlier this month. *Id.*

Nevertheless, given the lack of preparedness by the parties, the Court believes an extension in the case schedule is warranted. It is a "well established" principle that "[d]istrict courts have inherent power to control their dockets." *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.,* 146 F.3d 1071, 1074 (9th Cir.1998) (internal quotation marks omitted). "'All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.'" *Aloe Vera of Am., Inc. v. United States,* 376 F.3d 960, 964–65 (9th Cir.2004) (per curiam) (quoting *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.,* 244 F.3d 1128, 1136 (9th Cir.2001)).

To that extent, Defendant's Motion is **GRANTED**. The Court will grant a one-time continuance of the trial date, discovery deadline, and related deadlines. The Clerk is directed to enter an amended case schedule with a discovery deadline of **September 28, 2018**, trial date of **January 28, 2019**, and other corresponding deadlines. Both parties shall be permitted to re-note depositions. The parties are warned that the Court expects that the parties will rigorously adhere to this new schedule, and the Court will not grant any further extensions. Further delays will not be tolerated and may be sanctioned.

Dated this 9th day of August, 2018.

The Honorable Richard A. Jones
United States District Judge

ORDER- 3