Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUIZ FAJARDO INGENIEROS ASOCIADOS S.A.S., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FLOW INTERNATIONAL CORPORATION, a Delaware corporation,<br><br>Defendant. | NO. 2:16-CV-01902-RAJ<br><br>PLAINTIFF RUIZ FAJARDO'S TRIAL BRIEF |

## I. INTRODUCTION

Plaintiff Ruiz Fajardo Ingenieros Asociados S.A.S. ("Ruiz Fajardo") is an approximately 250-employee engineering firm in Bogota, Colombia specializing in metalworking. Ruiz Fajardo provides metalworking-related technical support for other engineering and design firms. It also builds parts for airplanes and oil refineries.

Ruiz Fajardo began exploring the idea of adding advanced cutting services to its business in 2012. After speaking with a sales officer representing Flow International Corporation ("Flow"), Ruiz Fajardo ultimately purchased a waterjet cutting system M4-3060C with a 94ID intensifier pump from Flow (the "System"). Ruiz Fajardo paid $437,830 for the System, financing the purchase through the Banco de Bogota SA.

PLAINTIFF RUIZ FAJARDO'S TRIAL BRIEF (2:16-CV-01902-RAJ) - 1 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1354284.docx/012219 1654/8404-0001

Unfortunately, the System was rife with problems from the very beginning. For example, neither Ruiz Fajardo nor Flow technicians could get the System to: (1) turn on properly; (2) accurately estimate cutting times; (3) retain the correct "homing" configurations and settings; or (4) cut in 3D. Ruiz Fajardo promptly notified Flow of the defects as they arose, and Flow tried to correct the System's myriad of problems for *years* before finally abandoning its attempts entirely. It took Flow *four years* to provide Ruiz Fajardo with the software necessary to resolve the critical "homing" and cutting time simulation issues. From January 2015 to July 2017, Flow utterly abandoned all repair efforts. The System did not cut in 3D as specified. It would not cut at all.

Ruiz Fajardo brought this suit against Flow for breach of warranty and resulting damages. The parties agree that the contract provides a one-year warranty in which Flow warranted the equipment to be free from defects in workmanship and materials. The parties agree that the contract's sole remedy is limited to repair or replacement. The parties also agree that the contract contains an exclusionary clause in which Flow disclaims liability for incidental and consequential damages.

As the Court ruled in its order granting in part and denying in part Flow's motion for summary judgment, exclusionary clauses such as the one here are unenforceable when the limited remedy fails of its essential purpose. (Dkt. 42). Accordingly, Ruiz Fajardo must prove that: (1) Flow breached the contractual warranty; (2) Ruiz Fajardo notified Flow of the breach within a reasonable time; (3) Flow's limited repair or replace remedy failed of its essential purpose; and (4) Ruiz Fajardo was damaged. Ruiz Fajardo also seeks an award of attorney's fees and costs pursuant to the sales contract and Washington's reciprocal attorney fee statute, RCW 4.84.330.

PLAINTIFF RUIZ FAJARDO'S TRIAL BRIEF (2:16-CV-01902-RAJ)   - 2 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1354284.docx/012219 1654/8404-0001

## II. BACKGROUND

Ruiz Fajardo respectfully refers the Court to the factual background set forth in Ruiz Fajardo's Opposition to Flow's Motion for Summary Judgment (Dkt. 34).

## III. ISSUES FOR TRIAL

1. Did Flow breach the contractual warranty?
2. Did Ruiz Fajardo notify Flow of the breach within a reasonable time?
3. Did the limited remedy fail of its essential purpose?
4. What is the amount of money that will reasonably and fairly compensate Ruiz Fajardo?
5. Whether Ruiz Fajardo is entitled to an award of attorney's fees and costs.

## IV. ANALYSIS

**A. Did Flow breach the contractual warranty?**

"Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise. Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." RCW 62A.2-313.

Here, the waterjet sales contract contains a description of the goods and an express warranty stating that "Flow warrants the Equipment to be free from defects in workmanship and materials for the period specified on the quotation, except that spare parts shall be warranted for a one-year period."

"'A defect in material is a defect in quality. . . . A defect in workmanship is a defect in the way some part of the machine is constructed.'" *S.M. Wilson & Co. v. Smith Intern., Inc.*, 587 F.2d 1363, 1372 (9th Cir. 1978) (quoting *Lombard Corp v. Quality Aluminum Products Co.*, 261 F.2d 336, 338 (6th Cir. 1958)).  Importantly, a failure to conform to product specifications is

PLAINTIFF RUIZ FAJARDO'S TRIAL BRIEF (2:16-CV-01902-RAJ)  - 3 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1354284.docx/012219 1654/8404-0001

evidence of a defect in workmanship and material. *See Consol. Data Terminals v. Applied Digital Data Systems, Inc.*, 708 F.2d 385, 391 (9th Cir. 1983) (product specifications override disclaimers of warranty); and *Compulit v. Banctec, Inc.*, 1998 WL 278253 at *3 (W.D. Mich. 1998) (product specifications provide evidence of how a product that is free from defects in workmanship and materials should operate).

The Court has ruled that the express warranty in the sales contract extended from one year upon shipment of the System. (Dkt 42 at 12.) But the parties disagree as to the date that the System was shipped and, thus, when the contractual warranty period began. The parties agree that the System was not installed until the second half of 2013. (Dkt. 43 at 2.)

Ruiz Fajardo will prove that the System contained defects in workmanship and materials. Ruiz Fajardo will prove that these defects existed well within the contractual warranty period, regardless of the precise date on which the System was shipped. Thus, Ruiz Fajardo will prove that Flow breached the contractual warranty.

**B.     Did Ruiz Fajardo notify Flow of the breach within a reasonable time?**

The sales contract conditions the contractual warranty upon:
(i) Flow being notified in writing by Buyer within one month after discovery of defects, (ii) At Flow's discretion, the return of defective Equipment to Flow . . . and (iii) Flow's examination of the Equipment and determination that such defects were not caused by negligence, misuse, improper maintenance, improper installation, accident or act of God, or unauthorized repair or alteration.

Thus, the parties have contracted the "reasonable time" in which Flow must be notified of breach. Ruiz Fajardo will prove that it repeatedly notified Flow of breach in writing within one month after the discovery of the defects.

Ruiz Fajardo will also prove that Flow waived its contractual right to notice. The contract required several preconditions to the warranty—all of which Flow waived. First, although Ruiz Fajardo will prove that it timely notified Flow in writing of the System's defects, to the extent that notice of any defects was given orally or after one month, Flow waived any

PLAINTIFF RUIZ FAJARDO'S TRIAL BRIEF (2:16-CV-01902-RAJ)

- 4 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1354284.docx/012219 1654/8404-0001

required notice by affirmatively attempting to fix the machine. Second, Flow also waived its contractual right to any determination that the System's defects were caused by negligence, misuse, improper maintenance, improper installation, accident or act of God, or unauthorized repair or alteration by not making any such determination upon its examination of the equipment.

**C.    Did the limited repair warranty fail of its essential purpose?**

The sales contract contains a limited warranty, stating that "Flow's liability is limited to repair or replacement of the Equipment and the determination regarding which of these is appropriate shall be at Flow's sole discretion." The sale contract also contains an exclusionary provision, stating that "Flow shall not be liable for incidental or consequential damages including, but not limited to, loss of profits, loss of use, loss of production, damage to other equipment, cost of capital or interest."

The Court has ruled that the sales contract's exclusionary clause is not valid if the limited repair warranty failed of its essential purpose. (Dkt. 42 at 6-9.) The Court stated that, "[u]nder Washington State law, a limited repair warranty is deemed ineffective and fails of its essential purpose if the breaching manufacturer is unable to repair a purported defect within a reasonable time." (Dkt. 42 at 8.)

As the Court noted, Ruiz Fajardo has substantial evidence that Flow's repair efforts were delayed and deficient. (Dkt. 42 at 8.) Ruiz Fajardo will prove that Flow failed to repair or replace the machine within a reasonable time and that, accordingly, the limited repair warranty in the sales contract failed of its essential purpose. The failure of essential purpose will expose Flow to liability for Ruiz Fajardo's incidental and consequential damages.

**D.    What is the amount of money that will reasonably and fairly compensate Ruiz Fajardo?**

Ruiz Fajardo is seeking to recover primarily consequential damages in the form of its lost profits and damage to reputation or loss of good will. Ruiz Fajardo is entitled to recover any

PLAINTIFF RUIZ FAJARDO'S TRIAL BRIEF (2:16-CV-01902-RAJ) - 5 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1354284.docx/012219 1654/8404-0001

consequential damages that can be proved with reasonable certainty. *See Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703, 710 (9th Cir. 1990) ("'[Lost profits] are properly recoverable as damages where (1) they are within the contemplation of the parties at the time the contract was made, (2) they are the proximate cause of defendant's breach, and (3) they are proven with reasonable certainty.' . . . The third element, dealing with certainty, 'is concerned more with the fact of damage than with the extent or amount of damage.'" *Milgard*, 902 F.2d at 710 (quoting *Larsen v. Walton Plywood Co.*, 65 Wn.2d 1, 15, 390 P.2d 677 (1964); *Alpine Indus., Inc. v. Gohl*, 30 Wn. App. 750, 754, 637 P.2d 998 (1981)). Ruiz Fajardo will establish damages through the use of expert testimony. *See Larsen*, 65 Wn.2d at 17 ("Expert testimony alone is a sufficient basis for an award for lost profits.").

### E. Attorney's fees and costs

The sales contract contains a fee shifting provision, stating that "[u]pon default by Buyer, Flow may exercise any or all of the following remedies with respect to the Equipment: (i) . . . (iv) attorneys' fees and costs of litigation." Pursuant to Washington's reciprocal attorney's fee statute, RCW 4.84.330, Ruiz Fajardo will seek an award of attorney's fees and costs as the prevailing party.

### V. CONCLUSION

Ruiz Fajardo will prove that: (1) Flow breached the contractual warranty; (2) Ruiz Fajardo notified Flow of the breach within a reasonable time; (3) the contract's limited remedy failed of its essential purpose; and (4) Ruiz Fajardo was damaged. Ruiz Fajardo will also seek an award of attorney fees and costs.

Flow's only affirmative defense is a failure to mitigate damages. Flow has the burden to prove Ruiz Fajardo's failure to exercise ordinary care and the amount of damages, if any, that would have been minimized or avoided. Ruiz Fajardo is not aware of any evidence showing that Ruiz Fajardo could have mitigated any damages and Flow's damages expert made no mention of

PLAINTIFF RUIZ FAJARDO'S TRIAL BRIEF (2:16-CV-01902-RAJ) - 6 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1354284.docx/012219 1654/8404-0001

1  mitigation in her expert report.  Neither is there any evidence of the amount of damages that

2  would have been minimized or avoided had Ruiz Fajardo mitigated.  Accordingly, Ruiz Fajardo

3  anticipates that Flow will be unable to establish its affirmative defense.

4      DATED this 22nd day of January, 2019.

5                                          BETTS, PATTERSON & MINES, P.S.

6

7                                          By  /s James D. Nelson
                                           By  /s Shaina R. Johnson
8                                          By  /s  Jesse L. Taylor
                                               James D. Nelson, WSBA #11134
9                                              Shaina R. Johnson, WSBA #46079
                                               Jesse L. Taylor, WSBA #51603
10                                         Betts, Patterson & Mines, P.S.
                                           One Convention Place, Suite 1400
11                                         701 Pike Street
                                           Seattle WA  98101-3927
12                                         Telephone:    (206) 292-9988
                                           Facsimile:    (206) 343-7053
13                                         E-mail:       jnelson@bpmlaw.com
                                           E-mail:       sjohnson@bpmlaw.com
14                                         E-mail:       jtaylor@bpmlaw.com
                                           Attorneys for Plaintiff
15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF RUIZ FAJARDO'S TRIAL BRIEF (2:16-CV-01902-RAJ)      - 7 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1354284.docx/012219 1654/8404-0001

**CERTIFICATE OF SERVICE**

I, Karen L. Pritchard, hereby certify that on January 22, 2019, I electronically filed the following:

- **PLAINTIFF RUIZ FAJARDO'S TRIAL BRIEF; and**

- **Certificate of Service.**

with the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel for Defendant Flow International Corporation*
Andrew Escobar
Jeffrey DeGroot
Alexandria Walker
DLA Piper LLP
701 5th Ave Ste 7000
Seattle, WA 98104-7044
Andrew.escobar@dlapiper.com
Jeffrey.degroot@dlapiper.com

DATED this 22nd day of January 2019.

        *s/ Karen L. Pritchard*
        Karen L. Pritchard, Legal Assistant

PLAINTIFF RUIZ FAJARDO'S TRIAL BRIEF (2:16-CV-01902-RAJ) - 8 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1354284.docx/012219 1654/8404-0001