Honorable Richard A. Jones

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

RUIZ FAJARDO INGENIEROS
ASOCIADOS S.A.S., a foreign corporation,

NO. 2:16-CV-01902-RAJ

11

Plaintiff,

JOINT JURY INSTRUCTIONS

12

vs.

13
14

FLOW INTERNATIONAL
CORPORATION, a Delaware corporation,

15

Defendant.

16
17
18

Pursuant to Fed. R. Civ. P. 51 and Local Civil Rule 51, Plaintiff Ruiz Fajardo Ingenieros

19

Asociados S.A.S. ("Ruiz Fajardo") and Defendant Flow International Corporation ("Flow")

20

respectfully submit the attached Joint Jury Instructions.

21

Dated this 22nd day of January, 2019.

22
23
24
25

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 1 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## Table of Contents

| Number | Title | Source | Page No. | Party |
|--------|-------|--------|----------|-------|
| 1 | Duty of the Jury | Court's Preliminary Instruction No. 1 | 5 | Joint |
| 2 | Claims and Defenses | Court's Preliminary Instruction No. 2 | 6 | Joint |
| 3 | Preponderance of the Evidence | Court's Preliminary Instruction No. 3 | 7 | Joint |
| 4 | What is Evidence | Court's Preliminary Instruction No. 4 | 8 | Joint |
| 5 | What is Not Evidence | Court's Preliminary Instruction No. 5 | 9-10 | Joint |
| 6 | Direct and Circumstantial Evidence | Court's Preliminary Instruction No. 6 | 11 | Joint |
| 7 | Ruling on Objections | Court's Preliminary Instruction No. 7 | 12 | Joint |
| 8 | Credibility of Witnesses | Court's Preliminary Instruction No. 8 | 13-14 | Joint |
| 9 | Bench Conferences and Recesses | Court's Preliminary Instruction No. 9 | 15 | Joint |
| 10 | Taking Notes | Court's Preliminary Instruction No. 10 | 16 | Joint |
| 11 | No Transcript Available to Jury | Court's Preliminary Instruction No. 11 | 17 | Joint |
| 12 | Deposition in Lieu of Live Testimony | 9th Cir. 2.4 | 18 | Joint |
| 13 | Foreign Language Testimony | 9th Cir. 2.8 | 19 | Joint |
| 14 | Evidence in Electronic Format | 9th Cir. 2.16 | 20-21 | Joint |
| 15 | Conduct of the Jury | Court's Preliminary Instruction No. 12 | 22-24 | Joint |
| 16 | Outline of Trial | Court's Preliminary Instruction No. 13 | 25 | Joint |

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

| 17 | Recess | Court's Preliminary Instruction No. 14 | 26 | Joint |
|---|---|---|---|---|
| 18 | Preponderance of the Evidence | Court's Preliminary Instruction No. 3 | 27 | Joint |
| 19 | Evidence to Consider | Court's Preliminary Instruction No. 4 | 28 | Joint |
| 20 | What is Not Evidence | Court's Preliminary Instruction No. 5 | 29-30 | Joint |
| 21 | Direct and Circumstantial Evidence | Court's Preliminary Instruction No. 6 | 31 | Joint |
| 22 | Weight of Testimony | Court's Preliminary Instruction No. 8 | 32-33 | Joint |
| 23 | Foreign Language Testimony | 9th Cir. 2.8 | 34 | Joint |
| 24 | Impeachment Evidence | 9th Cir. 2.9 | 35 | Joint |
| 25 | Expert Opinion | 9th Cir. 2.13 | 36 | Joint |
| 26 | Charts and Summaries Not Received in Evidence | 9th Cir. 2.14 | 37 | Joint |
| 27 | Evidence in Electronic Format | 9th Cir. 2.16 | 38-39 | Joint |
| 28 | Notes | Court's Preliminary Instruction No. 10 | 40 | Joint |
| 29 | Breach of Warranty | RCW 62A.2-313 | 41 | Joint |
| 30 | Notice of Breach | RCW 62A.2-607; Jarstad v. Tacoma Outdoor Recreation, Inc., 10 Wn. App. 551, 558, 519 P.2d 278, 283 (1974) | 42 | Joint |
| 31 | Mitigation of Damages | WPI 33.03 | 43 | Joint |
| 32 | Proximate Cause | WPI 15.01 | 44 | Joint |
| 33 | Duty to Deliberate | 9th Cir. 3.1 | 45 | Joint |
| 34 | Consideration of Evidence | 9th Cir. 3.2 | 46-48 | Joint |

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 3 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

| 35 | Communications With Court | 9th Cir. 3.3 | 49 | Joint |
|----|---------------------------|--------------|----|-------|
| 36 | Return of Verdict | 9th Cir. 3.5 | 50 | Joint |
| 37 | Additional Instructions of Law | 9th Cir. 3.6 | 51 | Joint |
| 38 | Damages | 9th Cir. 5.1 | 52 | Joint |
| 39 | Waiver | WPI 302.07 | 53 | Joint |

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 4 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## PRELIMINARY INSTRUCTION NO. 1

### Duty of the Jury

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Citation: Court's Preliminary Instruction No. 1.

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 5 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## PRELIMINARY INSTRUCTION NO. 2

### Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties. This summary is not evidence, but is meant to help you understand the parties' claims.

Plaintiff Ruiz Fajardo is an engineering firm based outside Bogota, Colombia that provides metalworking services.  Defendant Flow International is a technology-based manufacturing company headquartered in Kent, Washington that makes industrial waterjet cutting systems.  Ruiz Fajardo entered into a contract with Flow to purchase a M4-3060C waterjet cutting system on November 5, 2012.  Ruiz Fajardo alleges that the waterjet cutting system was defective when it was installed, that Flow knew that the system was defective, and that Flow thus breached its contractual warranty that the system be free from defects in workmanship and materials.  Ruiz Fajardo further claims that the provision in the parties' contract that limits liability to repair or replacement of the system failed of its essential purpose because Flow did not repair the system in a reasonable time.  Ruiz Fajardo seeks damages.  Flow disputes that it provided a defective system to Ruiz Fajardo and maintains that the issues Ruiz Fajardo experienced with the system were caused by Ruiz Fajardo's failure to properly operate and maintain the system.  Flow additionally maintains that it timely responded to all service requests and that Ruiz Fajardo acknowledged after these visits that the system was operational.  Flow also alleges that Ruiz Fajardo failed to mitigate any damages it suffered.

Citation: Court's Preliminary Instruction No. 2.

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

## PRELIMINARY INSTRUCTION NO. 3

### Preponderance of the Evidence

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Citation: Court's Preliminary Instruction No. 3.

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)                    - 7 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## PRELIMINARY INSTRUCTION NO. 4

### What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

Citation: Court's Preliminary Instruction No. 4.

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)                     - 8 -

Betts
Patterson
Mines
Suite 1400
One Convention Place
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

# PRELIMINARY INSTRUCTION NO. 5

## What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 9 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

(4)     Anything you may see or hear when the court was not in session is not

evidence. You are to decide the case solely on the evidence received at the

trial.

Citation: Court's Preliminary Instruction No. 5.

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 10 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## PRELIMINARY INSTRUCTION NO. 6

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

Citation: Court's Preliminary Instruction No. 6.

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 11 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## PRELIMINARY INSTRUCTION NO. 7

### Ruling on Objections

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Citation: Court's Preliminary Instruction No. 7.

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

## PRELIMINARY INSTRUCTION NO. 8

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 13 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Citation: Court's Preliminary Instruction No. 8.

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)                    - 14 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

## PRELIMINARY INSTRUCTION NO. 9

### Bench Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Citation: Court's Preliminary Instruction No. 9.

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## PRELIMINARY INSTRUCTION NO. 10

### Taking Notes

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Citation: Court's Preliminary Instruction No. 10.

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 16 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1

## PRELIMINARY INSTRUCTION NO. 11

2

### No Transcript Available to Jury

3

I urge you to pay close attention to the trial testimony as it is given.  During

4

deliberations you will not have a transcript of the trial testimony.

5

6

If at any time you cannot hear or see the testimony, evidence, questions or

7

arguments, let me know so that I can correct the problem.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Citation: Court's Preliminary Instruction No. 11.

25

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 17 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## PRELIMINARY INSTRUCTION NO. 12

### Deposition in Lieu of Live Testimony

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The depositions of Ruiz Fajardo's Cesar Cortes, Claudia Gomez, Jaime Ramirez, Javier Gomez Peña and of Flow's Charlie Wakefield, Claudia Mette, and Javier Gomez were taken in September 2018. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Citation: Instruction No. 2.4 from the Manual of Model Civil Jury Instructions for the Ninth Circuit.

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

## PRELIMINARY INSTRUCTION NO. 13

### Foreign Language Testimony

You will hear testimony of a witness who testifies in the Spanish language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

Citation: Instruction No. 2.8 from the Manual of Model Civil Jury Instructions for the Ninth Circuit

JOIN JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)                      - 19 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

# PRELIMINARY INSTRUCTION NO. 14

### Evidence in Electronic Format

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the clerk.  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury.    Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 20 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At  my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

Citation: Instruction No. 2.16 from the Manual of Model Civil Jury Instructions for the Ninth Circuit.

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 21 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## PRELIMINARY INSTRUCTION NO. 15

### Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 22 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate,

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 23 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1  incomplete or misleading information that has not been tested by the trial process.  Each

2  of the parties is entitled to a fair trial by an impartial jury, and if you decide the case

3  based on information not presented in court, you will have denied the parties a fair trial.

4  Remember, you have taken an oath to follow the rules, and it is very

5

6  important that you follow these rules.

7         A juror who violates these restrictions jeopardizes the fairness of these

8  proceedings, and a mistrial could result that would require the entire trial process to start

9

10 over.  If any juror is exposed to any outside information, please notify the court

11 immediately.

12

13

14

15

16

17

18

19

20

21

22

23

24 Citation: Court's Preliminary Instruction No. 12.

25

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 24 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## PRELIMINARY INSTRUCTION NO. 16

### Outline of Trial

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The Plaintiff will then present evidence, and counsel for the Defendant may cross-examine.  Then the Defendant may present evidence, and counsel for the Plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Citation: Court's Preliminary Instruction No. 13.

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 25 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## PRELIMINARY INSTRUCTION NO. 17

### Recess

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier.  Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.  Do not read or listen to any news reports of the trial.  Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

Citation: Court's Preliminary Instruction No. 14.

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 26 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## FINAL INSTRUCTION NO. 18

### Preponderance of the Evidence

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Citation: Court's Preliminary Instruction No. 3.

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

# FINAL INSTRUCTION NO. 19

## Evidence to Consider

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that were admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.

Citation: Court's Preliminary Instruction No. 4.

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

# FINAL INSTRUCTION NO. 20

## What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)   Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may have been received only for a limited purpose; if I instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

(4)   Anything you saw or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Citation: Court's Preliminary Instruction No. 5.

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)                              - 30 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

# FINAL INSTRUCTION NO. 21

## Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

Citation: Court's Preliminary Instruction No. 6.

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## FINAL JURY INSTRUCTION NO. 22

### Weight of Testimony

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

A witness may have said something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember.  Also, two people

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 32 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Citation: Court's Preliminary Instruction No. 8.

JOIN JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 33 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

# FINAL INSTRUCTION NO. 23

## Foreign Language Testimony

You have heard testimony of a witness who testified in the Spanish language. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although some of you may know the Spanish language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

Citation: Instruction No. 2.8 from the Manual of Model Civil Jury Instructions for the Ninth Circuit

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)                     - 34 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# FINAL INSTRUCTION NO. 24

## Impeachment Evidence

The evidence that a witness previously made an inconsistent statement may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Citation: Instruction No. 2.9 from the Manual of Model Civil Jury Instructions for the Ninth Circuit.

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**FINAL INSTRUCTION NO. 25**

**Expert Opinion**

You have heard testimony from Dieter Tischler, David Solis, Richard Fincher, and Lorraine Barrick, who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinion, and all the other evidence in the case.

Citation: Instruction No. 2.13 from the Manual of Model Civil Jury Instructions for the Ninth Circuit.

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)                    - 36 -

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

# FINAL INSTRUCTION NO. 26

## Charts and Summaries Not Received in Evidence

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

Citation: Instruction No. 2.14 from the Manual of Model Civil Jury Instructions for the Ninth Circuit.

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

## FINAL INSTRUCTION NO. 27

### Evidence in Electronic Format

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk.  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury.    Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At  my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

Citation: Instruction No. 2.16 from the Manual of Model Civil Jury Instructions for the Ninth Circuit.

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 39 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

# FINAL INSTRUCTION NO. 28

## Notes

You may have taken notes to help you remember the evidence. If you did take notes, please keep them to yourself until you go to the jury room to decide the case. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you took notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Citation: Court's Preliminary Instruction No. 10.

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 40 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**FINAL INSTRUCTION NO. 29**

**Breach of Warranty**

A seller breaches an express warranty when the goods do not conform to the affirmations or promises made by the seller that formed the basis of the bargain.

Citation: RCW 62A.2-313 (Express warranties by affirmation, promise, description, sample).

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 41 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

# FINAL INSTRUCTION NO. 30

## Notice of Breach

A buyer must notify the seller of any breach within a reasonable time after accepting the goods. The burden is on the buyer to establish any breach with respect to the goods accepted. The reasonable time by which a buyer must provide notice of a breach can be fixed by agreement. In this case, the parties' Agreement states that the warranty is conditioned upon "Flow being notified in writing by Buyer within one month after the discovery of defects."

Citation: RCW 62A.2-607 (Effect of acceptance; notice of breach; burden of establishing breach after acceptance; notice of claim or litigation to person answerable over); *Jarstad v. Tacoma Outdoor Recreation, Inc.*, 10 Wash. App. 551, 558, 519 P.2d 278, 283 (1974) (noting that reasonable time can be fixed by an agreement).

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 42 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

# FINAL INSTRUCTION NO. 31

## Mitigation of Damages

A party that is liable for damages arising from a breach of warranty is not liable for any damages arising after the breach that are proximately caused by failure of the injured party to exercise ordinary care to avoid or minimize such new or increased damages.

Flow has the burden to prove Ruiz Fajardo's failure to exercise ordinary care and the amount of damages, if any, that would have been minimized or avoided.

Citation: Washington Pattern Jury Instruction Civil No. 33.03 (6th ed.)

Betts
Patterson
Mines
Suite 1400
**One Convention Place**
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

# FINAL INSTRUCTION NO. 32

## Proximate Cause

The term "proximate cause" means a cause which in a direct sequence produces the event complained of and without which such event would not have happened.

Citation: Washington Pattern Jury Instruction Civil No. 15.01 (6th ed.)

JOIN JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 44 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

# FINAL INSTRUCTION NO. 33

## Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your foreperson. The foreperson will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Citation: Instruction No. 3.1 from the Manual of Model Civil Jury Instructions for the Ninth Circuit.

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

# FINAL INSTRUCTION NO. 34

## Consideration of Evidence

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 46 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 47 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1

Citation: Instruction No. 3.2 from the Manual of Model Civil Jury Instructions for the Ninth Circuit.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

# FINAL INSTRUCTION NO. 35

## Communications With Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

Citation: Instruction No. 3.3 from the Manual of Model Civil Jury Instructions for the Ninth Circuit.

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 49 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

# FINAL INSTRUCTION NO. 36

## Return of Verdict

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**Citation:** Instruction No. 3.5 from the Manual of Model Civil Jury Instructions for the Ninth Circuit.

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 50 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

1

## FINAL INSTRUCTION NO. 37

2

## Additional Instructions of Law

3

4      At this point I will give you an additional instruction.  By giving an additional

instruction at this time, I do not mean to emphasize this instruction over any other

5

instruction.

6

7      You are not to attach undue importance to the fact that this instruction was read

8

separately to you.  You must consider this instruction together with all of the other

9

instructions that were given to you.

10

11      [Insert text of new instruction.]

12      You will now retire to the jury room and continue your deliberations.

13

14

15

16

17

18

19

20

21

22

23

24

25

Citation: Instruction No. 3.6 from the Manual of Model Civil Jury Instructions for the Ninth
Circuit.

JOINT JURY INSTRUCTIONS          - 51 -
(2:16-CV-01902-RAJ)

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## FINAL INSTRUCTION NO. 38

### Damages

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff on Ruiz Fajardo's breach of warranty claim and you find that limited warranty between Ruiz Fajardo and Flow did fail its essential purpose, you must determine the Plaintiff's damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

Citation: Instruction No. 5.1 from the Manual of Model Civil Jury Instructions for the Ninth Circuit.

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 52 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2

## FINAL INSTRUCTION NO. 39

### Waiver

Either party to a contract may waive the right to require performance of the other. A waiver is the intentional giving up of a known right.

A party asserting that its performance is excused on the ground of waiver has the burden of proving that the other party intended to give up its contractual right to that performance after knowing all of the relevant facts.

A right may be waived in either of two ways. A party may directly state an intent to waive a contractual right, or a party may imply such an intent through his or her statements or conduct. An implied waiver, however, may be based only on unequivocal, rather than doubtful or ambiguous, statements or conduct.

In this case, Ruiz Fajardo's duty to notify Flow of breach in writing within one month of its discovery of the breach was excused if Ruiz Fajardo has proved, by a preponderance of the evidence, that Flow waived its right to that performance under the contract.

Citation: Washington Pattern Instruction 302.07 (Excuse of Performance—Waiver).

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)                    - 53 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

BETTS, PATTERSON & MINES, P.S.


By  s/James D. Nelson
By  s/Shaina R. Johnson
By  s/Jesse L. Taylor
James D. Nelson, WSBA #11134
Shaina R. Johnson, WSBA #46079
Jesse L. Taylor, WSBA #51603
Betts, Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle WA  98101-3927
Telephone: (206) 292-9988
Facsimile: (206) 343-7053
E-mail: jnelson@bpmlaw.com
E-mail: sjohnson@bpmlaw.com
E-mail: jtaylor@bpmlaw.com
Attorneys for Plaintiff


DLA PIPER LLP (US)


 s/Andrew R. Escobar
Andrew R. Escobar, WSBA No. 42793
Jeffrey DeGroot, WSBA No. 46839
Alexandria Walker, WSBA No. 53786
701 Fifth Avenue, Suite 6900
Seattle, Washington  98104-7044
Tel:      206.839.4800
Fax:      206.839.4801
E-mail:  andrew.escobar@dlapiper.com
E-mail:  jeffrey.degroot@dlapiper.com
E-mail:  alexandria.walker@dlapiper.com
Attorneys for Defendant

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 54 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

### CERTIFICATE OF SERVICE

I, Shane Kangas, hereby certify that on January 22, 2019, I electronically filed the following:

- Joint Jury Instructions; and
- Certificate of Service.

with the Court using the CM/ECF system which will send notification of such filing to the following:

***Counsel for Defendant Flow International Corporation***
Andrew Escobar
Jeffrey DeGroot
DLA Piper LLP
701 5th Ave Ste 7000
Seattle, WA 98104-7044

DATED this 22nd day of January 2019.

By  *s/ Shane Kangas*
      Shane L. Kangas, Paralegal
      skangas@bpmlaw.com

JOINT JURY INSTRUCTIONS
(2:16-CV-01902-RAJ)

- 55 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

285104123_2.docx/011719 2205/8404-0001
WEST\285104123.2