Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUIZ FAJARDO INGENIEROS ASOCIADOS S.A.S., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FLOW INTERNATIONAL CORPORATION, a Delaware corporation,<br><br>Defendant. | NO. 2:16-CV-01902-RAJ<br><br>PLAINTIFF RUIZ FAJARDO'S MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>**Clerk's Action Required**<br><br>NOTE ON MOTION CALENDAR: March 8, 2019 |

## I.   INTRODUCTION

Plaintiff Ruiz Fajardo Ingenieros Asociados S.A.S. ("Ruiz Fajardo") filed suit against Defendant Flow International Corporation ("Flow") on December 13, 2016 for breach of Flow's contractual warranty. This action came before the Court for a trial by jury on January 28, 2019. On February 7, 2019, the jury rendered its verdict in favor of Ruiz Fajardo and the Court entered judgment against Flow in the amount of $437,830.00. (James Nelson Declaration ("J. Nelson Decl."), Ex. 1.) Pursuant to the parties' contract and Washington's reciprocal attorney fee statute, RCW 4.84.330, Ruiz Fajardo now respectfully asks this court for an award of attorneys' fees and costs. Ruiz Fajardo seeks to recover $670,203.75 in reasonable attorneys' fees and $74,198.68 in reasonable costs.

PLAINTIFF RUIZ FAJARDO'S MOTION FOR ATTORNEYS' FEES AND COSTS (2:16-CV-01902-RAJ)   - 1 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1369615.docx/022119 1743/8404-0001

## II.   BACKGROUND

Ruiz Fajardo entered into an Agreement to purchase a M4-3060C waterjet cutting machine from Flow on November 5, 2012.  (J. Nelson Decl., Ex. 2.)  The Agreement contains a fee-shifting provision, providing:

> Upon default by Buyer, Flow may exercise any or all of the following remedies with respect to the Equipment: (i) replevin, repossession or seizure, by judicial process or otherwise; (ii) acceleration of remaining payments so that they are immediately due; (iii) damages for any unpaid portions of the sales price, loss or for consequential or incidental damages and (iv) *attorneys' fees and costs of litigation.*

(J. Nelson Decl., Ex. 2 at 26 (emphasis added).)  A "default" under the Agreement includes "a failure to perform or satisfy any covenant, condition or warranty of this agreement." (*Id.* at 25.)

Flow defaulted on the Agreement by providing Ruiz Fajardo with a defective waterjet cutting machine and by failing to repair or replace the machine within a reasonable time.  Flow ultimately abandoned its contractual duty to repair the machine in March 2015.  Following trial, the jury found that Flow had breached its contractual warranty, that Ruiz Fajardo notified Flow of the breach within a reasonable time, that Flow's limited repair or replace remedy failed of its essential purpose, and that Ruiz Fajardo was damaged in the amount of $437,830 as a result of Flow's breach.   Dkt. 74.  The jury also rejected Flow's affirmative defense, finding that Ruiz Fajardo had not failed to mitigate its damages. (J. Nelson Decl., Ex. 1.)  The Court entered judgment in favor of Ruiz Fajardo and against Flow on February 7, 2019. (J. Nelson Decl., Ex. 1.)

## III.   ARGUMENT AND AUTHORITY

**A.    Ruiz Fajardo is Entitled to an Award of Fees and Costs as the Prevailing Party.**

Pursuant to Washington's[1] reciprocal attorney fee statute,

---

[1] The Agreement is governed by Washington law. (J. Nelson Decl., Ex. 2 at 25.)

PLAINTIFF RUIZ FAJARDO'S MOTION FOR ATTORNEYS' FEES AND COSTS (2:16-CV-01902-RAJ)    - 2 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1369615.docx/022119 1743/8404-0001

> In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements.

RCW 4.84.330. The "prevailing party" is the party in whose favor final judgment is rendered. *Id.*

Here, the parties' contract contains a fee shifting provision, providing that Flow may recover "attorneys' fees and costs of litigation." (J. Nelson Decl., Ex. 2.) Pursuant to RCW 4.84.330, these fees and costs of litigation are now available to Ruiz Fajardo as the prevailing party. Flow has not disputed that attorneys' fees and costs are available to the prevailing party throughout this litigation. To the contrary, Flow has made clear that it would seek an award of attorneys' fees and costs if it were the prevailing party. This was evident when Andrew Escobar, counsel for Flow, told Tulio Ruiz during his deposition that Ruiz Fajardo would have to pay Flow's attorney fees and costs if it prevailed in this litigation. (J. Nelson Decl., Ex. 4.) Flow also agreed to include this issue in the parties' joint pretrial order. (J. Nelson Decl., Ex. 3.)

As discussed above, Ruiz Fajardo prevailed on every major issue that was before the Court. Flow disputed that it had breached the contractual warranty, disputed that it was notified of its breach within a reasonable time, disputed that its limited remedy failed of its essential purpose, disputed that its breach was the proximate cause of Ruiz Fajardo's damages, disputed that Ruiz Fajardo was damaged at all, and argued that Ruiz Fajardo had failed to mitigate damages. The jury found in favor of Ruiz Fajardo and against flow on *all* of these issues, and the issues ultimately submitted to the jury closely track the issues identified in the Complaint.

The *only* theory that Ruiz Fajardo did not prevail in was its *alternative* theory of recession, which was decided on summary judgment. Accordingly, Ruiz Fajardo has removed the time spent working on this alternative theory from its fee petition. For all other claims and

PLAINTIFF RUIZ FAJARDO'S MOTION FOR ATTORNEYS' FEES AND COSTS (2:16-CV-01902-RAJ)

- 3 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1369615.docx/022119 1743/8404-0001

theories, however, Ruiz Fajardo ultimately prevailed.  Ruiz Fajardo successfully argued that an exclusionary damages clause fails if the contractual limited remedy clause fails of its essential purpose—the only issue before the Court on summary judgment that was material to Ruiz Fajardo's recovery in this case.  Similarly, Ruiz Fajardo successfully argued that it had presented evidence sufficient to defeat Flow's multiple motions for judgment as a matter of law, as well as Flow's contention that the concept of lost profits as consequential damages should not be submitted to the jury.

Ruiz Fajardo is the prevailing party.  Accordingly, the Court should award Ruiz Fajardo its reasonable attorneys' fees and costs.

**B.     The Fees and Costs Sought by Ruiz Fajardo are Reasonable.**

Washington's Rule of Professional Conduct ("RPC") 1.5 describes the factors to be considered in determining the reasonableness of a fee.  Those factors are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
>
> (8) whether the fee is fixed or contingent; and
>
> (9) the terms of the fee agreement between the lawyer and the client, including whether the fee agreement or confirming writing demonstrates that the client had received a reasonable and fair disclosure of material elements of the fee agreement and of the lawyer's billing practices.

RPC 1.5.  Courts consider similar factors when determining the reasonableness of fees.  *See Olsen Media v. Energy Sciences, Inc.*, 32 Wn. App. 579, 586, 648 P.2d 493 (1982) ("Factors

PLAINTIFF RUIZ FAJARDO'S MOTION
FOR ATTORNEYS' FEES AND                - 4 -
COSTS (2:16-CV-01902-RAJ)

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1369615.docx/022119 1743/8404-0001

1  relevant to this determination are the time and labor required, novelty and difficulty of questions,
2  requisite skill, values involved and results obtained, fees customarily charged, and experience,
3  reputation and ability of the attorney.")

4  This Court calculates an award for attorneys' fees using the "lodestar" method,
5  determining the amount of that fee on the facts of each case. *Camacho v. Bridgeport Financial,*
6  *Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *Crest Inv. V. Costco Wholesale Corp.*, 128 Wn. App.
7  760, 773, 115 P.3d 349 (2005). The "lodestar" is presumptively reasonable and is calculated by
8  multiplying the number of hours the prevailing party reasonably expended on the litigation by a
9  reasonable hourly rate. *Id.* The reasonable hourly rate is determined by the "rate prevailing in
10 the community for similar work performed by attorneys of comparable skill, experience, and
11 reputation." *Id.* at 979.

12 The fees and costs that Ruiz Fajardo now seeks are reasonable and appropriate under the
13 lodestar method and under RPC 1.5. (J. Nelson Decl.; Pete Vial Declaration.) As detailed
14 further in the declaration supporting this motion, the fees charged by Betts, Patterson & Mines,
15 P.S. are comparable to or sometimes lower than the fees charged by similar firms performing this
16 type of work. (J. Nelson Decl. at 2-6.) The fees and costs sought by Ruiz Fajardo are especially
17 reasonable in light of the length of this litigation. This matter took over two years to resolve—a
18 considerable length of time that was a direct result of Flow's refusal to comply with litigation
19 deadlines, refusal to produce discovery, and unilateral cancellation of depositions.

20 The Court should award Ruiz Fajardo its reasonable attorneys' fees and costs incurred in
21 this litigation.

22 **C.    Ruiz Fajardo is Entitled to its Attorney Fees for its Local Counsel.**

23 Ruiz Fajardo relied on its Colombian counsel, Miguel Ocampo Mejía, for many
24 necessary tasks throughout this litigation. Ruiz Fajardo is entitled to recover the attorney fees
25 and costs associated with its retention of Mr. Ocampo. *See Softbank Content Serv., Inc. v. MPO*

PLAINTIFF RUIZ FAJARDO'S MOTION
FOR ATTORNEYS' FEES AND         - 5 -
COSTS (2:16-CV-01902-RAJ)

**Betts**
**Patterson**
**Mines**
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1369615.docx/022119 1743/8404-0001

*Canada, Inc.*, 225 Fed. Appx. 687, *1 (9th Cir. 2007) (affirming district court's award of attorney fees and costs for foreign attorneys); *see also Wang v. Douglas Aircraft Co.*, 121 F.3d 719, *4 (9th Cir. 1997) (vacating district court's ruling that attorney fees are not recoverable for foreign attorneys and remanding for the entry of an award).

Mr. Ocampo assisted Ruiz Fajardo and Betts, Patterson & Mines, P.S. with, among other tasks, organizing and collecting documents, procuring translations, and conveying information to Ruiz Fajardo's retained experts. Mr. Ocampo accompanied Tulio Ruiz to Seattle for trial where he assisted in witness preparation, strategy discussions, and in translating and interpreting the events at trial for Mr. Ruiz. Mr. Ocampo charged Ruiz Fajardo a total of $100,000.00 in attorney fees and costs in connection with his services. (Miguel Ocampo Declaration.)

Mr. Ocampo's services were not duplicative of those performed by the attorneys at Betts, Patterson & Mines, P.S. because Mr. Ocampo performed tasks for Ruiz Fajardo *in lieu of* flying an attorney from Betts, Patterson & Mines, P.S. to Colombia to perform those tasks. Ruiz Fajardo's decision to utilize Mr. Ocampo ultimately lowered the total amount of attorneys' fees and costs incurred by the company. Accordingly, the Court should award Ruiz Fajardo its reasonable attorneys' fees and costs associated with its retention of Mr. Ocampo.

**D.   Ruiz Fajardo is Entitled to its Supplemental Attorneys' Fees and Costs.**

Ruiz Fajardo has incurred a total of $19,902.50 in supplemental attorneys' fees associated with preparing and filing this motion and accompanying declarations.[2] (J. Nelson Decl.) Under Washington law, the fees and costs associated with preparing the fee petition and other post-trial matters are recoverable by the prevailing party. *Fisher Prop., Inc. v. Arden-Mayfair, Inc.*, 115 Wn.2d 364, 378, 798 P.2d 799 (1990) ("The general rule is that time spent on establishing

---

[2] Ruiz Fajardo also incurred supplemental costs associated with serving its requests for production and subpoena on Flow and DLA Piper. However, Ruiz Fajardo has chosen not to ask this Court to award it those supplemental costs.

PLAINTIFF RUIZ FAJARDO'S MOTION FOR ATTORNEYS' FEES AND COSTS (2:16-CV-01902-RAJ) - 6 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1369615.docx/022119 1743/8404-0001

entitlement to, and amount of, a court awarded attorney fee is compensable where the fee shifts to the opponent under fee shifting statutes."); *see also Strange v. Les Schwab Tire Centers of Washington, Inc.*, 2010 WL 11527269 at *7 (W.D. Wash. 2010) ("Plaintiffs are entitled to costs and fees for preparation of the fee petition and other post-trial matters.").

As discussed further in the declaration accompanying this motion, Ruiz Fajardo anticipates that Flow will dispute the reasonableness of Ruiz Fajardo's attorneys' fees and costs. Accordingly, Ruiz Fajardo has asked Flow to provide evidence of the hourly rate charged by its counsel, DLA Piper, and the total amount that Flow has paid in attorneys' fees and costs. (J. Nelson Decl., Ex. 7, 8.) The amount charged by DLA Piper is the best evidence of the reasonableness of the fees sought by Ruiz Fajardo. Unfortunately, Flow and DLA Piper have refused to provide this evidence to assist the Court in its reasonableness determination. Ruiz Fajardo sent a subpoena to DLA Piper and a request for production to Flow seeking this information, but DLA Piper and Flow have refused to comply with the subpoena and request for production. (J. Nelson Decl., Ex. 8.)

Flow's pending challenge to Ruiz Fajardo's fee petition further increases fees and costs incurred by Ruiz Fajardo in connection with this litigation. These supplemental fees and costs are recoverable under Washington law and the fee-shifting provision of the parties' contract. Accordingly, the Court should award Ruiz Fajardo its attorneys' fees and costs associated with the preparation of the fee petition and other post-trial matters.

## IV.   CONCLUSION

Ruiz Fajardo and Flow entered into a contract that allowed Flow to recover its attorneys' fees and costs of litigation incurred to enforce the agreement. Pursuant to the parties' contract and Washington's reciprocal attorney fee statute, RCW 4.84.330, Ruiz Fajardo is now entitled to its attorneys' fees and costs as the prevailing party in this lawsuit to enforce the agreement.

PLAINTIFF RUIZ FAJARDO'S MOTION FOR ATTORNEYS' FEES AND COSTS (2:16-CV-01902-RAJ) - 7 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1369615.docx/022119 1743/8404-0001

The attorneys' fees and costs that Ruiz Fajardo has incurred throughout this litigation, including those fees and costs incurred in connection with its retention of local counsel and in connection with the filing of this fee petition, are reasonable and appropriate in light of the reasonableness factors articulated in RPC 1.5 and under relevant case authority.  Ruiz Fajardo has taken steps to keep litigation costs low since it first sent Flow a demand letter and suggested a pre-complaint compromise.  Unfortunately, Flow decided to fight at every junction.  Even now, Flow and its counsel are refusing to provide the Court with the best evidence of the reasonableness of Ruiz Fajardo's fees—the fees and costs that Flow itself incurred in defending against this lawsuit.

Ruiz Fajardo requests an award of reasonable attorneys' fees totaling $670,203.75 and $74,198.68 in reasonable costs.  In light of the circumstances surrounding this matter, the Court should award Ruiz Fajardo all of its requested fees and costs.

DATED this 21st day of February, 2019.

BETTS, PATTERSON & MINES, P.S.


By /s James D. Nelson
By /s Shaina R. Johnson
By /s Jesse L. Taylor
    James D. Nelson, WSBA #11134
    Shaina R. Johnson, WSBA #46079
    Jesse L. Taylor, WSBA #51603
Betts, Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle WA  98101-3927
Telephone:   (206) 292-9988
Facsimile:   (206) 343-7053
E-mail:       jnelson@bpmlaw.com
E-mail:       sjohnson@bpmlaw.com
E-mail:       jtaylor@bpmlaw.com
Attorneys for Plaintiff

PLAINTIFF RUIZ FAJARDO'S MOTION FOR ATTORNEYS' FEES AND COSTS (2:16-CV-01902-RAJ)   - 8 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1369615.docx/022119 1743/8404-0001

# CERTIFICATE OF SERVICE

I, Shane Kangas, hereby certify that on February 21, 2019, I electronically filed the following:

- **Plaintiff Ruiz Fajardo's Motion for Attorneys' Fees and Costs; and**
- **Certificate of Service.**

with the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel for Defendant Flow International Corporation*
Andrew Escobar
Jeffrey DeGroot
Alexandria Walker
DLA Piper LLP
701 5th Ave Ste 7000
Seattle, WA 98104-7044

DATED this 21st day of February 2019.

BETTS, PATTERSON & MINES P.S.

/s  *Shane Kangas*
Shane Kangas

PLAINTIFF RUIZ FAJARDO'S MOTION FOR ATTORNEYS' FEES AND COSTS (2:16-CV-01902-RAJ) - 9 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1369615.docx/022119 1743/8404-0001