Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RUIZ FAJARDO INGENIEROS
ASOCIADOS S.A.S., a foreign corporation,

Plaintiff,

vs.

FLOW INTERNATIONAL
CORPORATION, a Delaware corporation,

Defendant.

NO. 2:16-CV-01902-RAJ

DECLARATION OF JAMES D. NELSON
IN SUPPORT OF RUIZ FAJARDO'S
MOTION FOR ATTORNEYS' FEES AND
COSTS

I, James D. Nelson, hereby certify under penalty of perjury, that the following is true and correct and within my personal knowledge:

1.     I am over the age of 18, have personal knowledge of all facts contained in this declaration, and am competent to testify as a witness to those facts.

2.     I am an attorney with Betts, Patterson & Mines, P.S., the attorneys of record for Plaintiff in this matter.

3.     On February 7, 2019, this Court filed entered judgment in favor of Ruiz Fajardo Ingenieros Asociados S.A.S. ("Ruiz Fajardo"), against Flow International Corporation ("Flow"), in the amount of $437,830.00.  Attached hereto as Exhibit 1 are true and correct copies of the jury's verdict and the judgment.

DECLARATION OF JAMES D. NELSON
IN SUPPORT MOTION FOR
ATTORNEYS' FEES AND COSTS
(2:16-CV-01902-RAJ)

- 1 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1367718.docx/022119 1746/8404-0001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

4.      The contract which formed the basis of this suit contains a contractual fee-shifting provision, permitting Flow to recover its attorneys' fees and costs of litigation.[1] Pursuant to Washington's reciprocal attorney fee statute, RCW 4.84.330, Ruiz Fajardo is entitled to its reasonable attorney fees and costs as the prevailing party.  Attached hereto as Exhibit 2 is a true and correct copy of the parties' contract.

5.      Attached hereto as Exhibit 3 is a true and correct copy of the parties' pretrial order.

6.      Attached hereto as Exhibit 4 is a true and correct copy of an excerpt from the September 28, 2018 deposition of Tulio Ruiz in which Andrew Escobar, counsel for Flow, confirms that Flow similarly sought to recover attorney fees and costs.

7.      I graduated from the University of Washington School of Law in 1980.  I have been a trial lawyer with the law firm of Betts, Patterson & Mines, P.S. since that time, and I have been a shareholder in the firm since March 1987.  My practice area is commercial litigation.  My hourly rate for this case has been $425 per hour.  Attached hereto as Exhibit 5 is a true and correct copy of my professional resume.

8.      Shaina Johnson graduated from American University Washington College of Law in 2010.  Ms. Johnson has been a trial lawyer with the law firm of Betts, Patterson & Mines, P.S. since 2013.  Ms. Johnson was an associate with the firm when this litigation began and was made a director in January 2019.  Ms. Johnson concentrates her practice in commercial litigation.  Ms. Johnson's hourly rate for this case has been $275 per hour.

---

[1] That provision provides:
    Upon default by Buyer, Flow may exercise any or all of the following remedies with respect to the Equipment: (i) replevin, repossession or seizure, by judicial process or otherwise; (ii) acceleration of remaining payments so that they are immediately due; (iii) damages for any unpaid portions of the sales price, loss or for consequential or incidental damages and (iv) attorneys' fees and costs of litigation.
Exhibit 2 at 26.

DECLARATION OF JAMES D. NELSON
IN SUPPORT MOTION FOR
ATTORNEYS' FEES AND COSTS
(2:16-CV-01902-RAJ)

- 2 -

1367718.docx/022119 1746/8404-0001

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

9.      Jesse Taylor is a 2016 graduate of the University of Michigan Law School.  Mr. Taylor is an associate attorney with the firm who concentrates his practice in commercial litigation.  Mr. Taylor's hourly rate for this case has been $225 per hour.

10.      Kathryn Boling is a 2007 graduate of Seattle University School of Law.  Ms. Boling was a director with the firm who assisted with this case during the early parts of the litigation.  Ms. Boling's hourly rate for this case was $275 per hour.

11.      Natalie Moore is a 2012 graduate of Seattle University School of Law.  Ms. Moore was an associate attorney with the firm during the early parts of this litigation.  Ms. Moore left the firm in May, 2018.  Ms. Moore's hourly rate for this case was $225 per hour.

12.      Mark Tyson is a 2013 graduate of the University of Washington School of Law. Mr. Tyson was an associate attorney with the firm for parts of this litigation.  Mr. Tyson left the firm in September, 2018.  Mr. Tyson's hourly rate for this case was $225 per hour.

13.      Christopher Tompkins is of counsel with the firm and assisted with specialized tasks during this litigation.  Mr. Tompkin's hourly rate for this case has been $425 per hour. Because Mr. Tompkins was not a regular member of the team that worked on this litigation, Ruiz Fajardo has opted not to ask this Court to award it the fees incurred for his efforts.

14.      Shane Kangas is an experienced paralegal who assisted attorneys with necessary tasks throughout this litigation.  Ms. Kangas' services were billed at the rate of $150 per hour.

15.      Jo Yantz is an experienced paralegal who assisted attorneys with necessary tasks in this litigation as trial approached.  Ms. Yantz's services were billed at the rate of $150 per hour.  Because Ms. Yantz was not a regular member of the team that worked on this litigation, Ruiz Fajardo has opted not to ask this Court to award it the fees incurred for her efforts.

16.      Betts, Patterson & Mines, P.S. maintains accurate daily time records which detail the time spent by each lawyer and paralegal in tenths of an hour, and which provide a

DECLARATION OF JAMES D. NELSON
IN SUPPORT MOTION FOR
ATTORNEYS' FEES AND COSTS
(2:16-CV-01902-RAJ)

- 3 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1367718.docx/022119 1746/8404-0001

description of the work performed on a given day.  Information contained in these time records is set forth in monthly invoices which we send to clients such as Ruiz Fajardo.

17.     Attached hereto as Exhibit 6 are true and correct copies of the invoices we issued to Ruiz Fajardo for fees and costs incurred from May 10, 2016 through February 20, 2019, redacted for privilege.

18.     The following is a breakdown of the attorney fees incurred by Ruiz Fajardo, minus time spent on theories or motions that were unsuccessful or ultimately not pursued:

| Attorney | Rate | Hours | Total |
| --- | --- | --- | --- |
| James D. Nelson | $425 | 554.25 | $235,556.25 |
| Shaina R. Johnson | $275 | 472.6 | $129,965.00 |
| Jesse L. Taylor | $225[2] | 550.85 | $123,941.25 |
| Kathryn N. Boling | $275 | 32.7 | $8,992.50 |
| Natalie A. Moore | $225 | 194.25 | $43,706.25 |
| Mark W. Tyson | $225 | 24.7 | $5,557.50 |
| Paralegal | Rate | Hours | Total |
| Shane Kangas | $150 | 149.9 | $22,485 |

19.     I have considered the reasonableness of these fees in light of the factors listed in Rule of Professional Conduct ("RPC") 1.5 and determined that these fees were reasonable and necessary at the time the invoices were sent to Ruiz Fajardo.

20.     Ruiz Fajardo also relied on its Colombian counsel, Miguel Ocampo Mejía, for many of the necessary litigation tasks in this matter.  As explained further below, Ruiz Fajardo kept litigation expenses lower by coordinating with local counsel for tasks such as deposition

---

[2] Mr. Taylor was mistakenly billed at the higher rate of $275 per hour for 6.6 total hours.  These costs will be remitted to Ruiz Fajardo.  Accordingly, the hours reflected in this calculation use only the lower billing rate of $225 per hour.

DECLARATION OF JAMES D. NELSON
IN SUPPORT MOTION FOR
ATTORNEYS' FEES AND COSTS
(2:16-CV-01902-RAJ)

- 4 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

and trial preparation, rather than flying an attorney from Betts, Patterson & Mines, P.S. to Colombia for such tasks.  Mr. Ocampo's hourly rate typically ranges between US $220 and US $320 per hour.  Mr. Ocampo charged Ruiz Fajardo a fixed total of $100,000.00 in connection with his services in this matter, representing both attorneys' fees and costs.  Mr. Ocampo's declaration explains his professional services and fees further.

21.    The hourly rates normally charged by Betts, Patterson & Mines, P.S. are comparable to, if not sometimes lower than, the rates charged by attorneys of like skill and experience.  The attorneys' fees and costs incurred by Flow likely exceeded those of Betts, Patterson & Mines, P.S.  To better assist the Court in its reasonableness determination, Ruiz Fajardo requested that Flow and its counsel, DLA Piper, disclose the hourly rates and total amounts charged by the attorneys who worked on this matter.  Unfortunately, Flow and DLA Piper have refused to reveal that information.  Attached hereto as Exhibit 7 is a true and correct copy of the letter sent to DLA Piper asking for these records.

22.    Ruiz Fajardo subpoenaed DLA Piper for these records, explaining that the hourly rate and total amount charged by DLA Piper was the most relevant evidence of the reasonableness of the attorney fees sought by Ruiz Fajardo.  The parties met and conferred about Ruiz Fajardo's requests and Ruiz Fajardo explained that Flow's attorneys' fees and costs would assist the Court in making its reasonableness determination.  Nevertheless, DLA Piper has refused to comply with the subpoena.  Attached hereto as Exhibit 8 is a true and correct copy of the subpoena and requests for production sent to DLA Piper and Flow as well as DLA Piper's response.

23.    Ruiz Fajardo retained two expert witnesses in this matter.  Dieter Tischler, Ruiz Fajardo's liability expert, charged $300 per hour.  Mr. Tischler charged Ruiz Fajardo a total of

DECLARATION OF JAMES D. NELSON
IN SUPPORT MOTION FOR
ATTORNEYS' FEES AND COSTS
(2:16-CV-01902-RAJ)

- 5 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1367718.docx/022119 1746/8404-0001

$58,236.36 in connection with his services in this matter.  Attached hereto as Exhibit 9 are true and correct copies of the invoices submitted by Mr. Tischler.

24.     David Solis, Ruiz Fajardo's damages expert, charged Ruiz Fajardo $300 per hour.  Mr. Solis charged Ruiz Fajardo a total of $37,537.50 in connection with his services in this matter.  Attached hereto as Exhibit 10 are true and correct copies of the invoices submitted by Mr. Solis.

25.     The amount spent on expert witness services was reasonable and comparable to, if not lower than, the amount charged by experts in these fields.  For example, Flow also retained both a liability and a damages expert.  Both Ruiz Fajardo's and Flow's experts created an initial report and a supplemental report following the conclusion of depositions.

26.     Flow's liability expert, Richard Fincher, also charged $300 per hour for his services in this matter.  Although Flow and DLA Piper have refused to reveal the total amount charged by Mr. Fincher, it is evident that Mr. Fincher spent a significant amount of time on this matter.  Mr. Fincher attended all three depositions of Dieter Tischler (at first in person and then remotely), as well as *every day of trial*, including jury selection.  Mr. Fincher testified that all of the issues with the Flow waterjet cutting machine were caused by the poor training and maintenance of Ruiz Fajardo employees—testimony that the jury necessarily *rejected* by finding against Flow on *all* of these issues.

27.     Flow's damages expert, Lorraine Barrick, charged $360 per hour for her services in this matter.  Although Flow has refused to reveal how much time Ms. Barrick spent on this matter, her hourly rate exceeded that of Ruiz Fajardo's damages expert by $60 per hour.

28.     As the Court is aware, Flow disputed that it had breached the contractual warranty in this matter, disputed that Ruiz Fajardo notified Flow of the breach in a reasonable time, disputed that the contractual limited repair or replace remedy failed of its essential

DECLARATION OF JAMES D. NELSON
IN SUPPORT MOTION FOR
ATTORNEYS' FEES AND COSTS
(2:16-CV-01902-RAJ)

- 6 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1367718.docx/022119 1746/8404-0001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

purpose, disputed that Flow's breach proximately caused damage to Ruiz Fajardo, disputed that Ruiz Fajardo was damaged at all, and argued that Ruiz Fajardo had failed to mitigate damages. The jury found in favor of Ruiz Fajardo and against Flow on *all* of these issues, awarding Ruiz Fajardo $437,830.00 in damages. Ruiz Fajardo is unequivocally the prevailing party.

29.     The fees and costs sought by Ruiz Fajardo do not include fees and costs incurred pursuing legal theories or motions that were either unsuccessful or ultimately abandoned. For example, Ruiz Fajardo originally pursued revocation as one legal theory in this matter. The Court ultimately ruled that a theory of revocation fails as a matter of law. Although the time spent pursuing the theory of revocation is partially intertwined with the overarching claim of breach of contract, Ruiz Fajardo has identified those time entries in which a theory of revocation was researched or briefed and has removed that time from its request. Similarly, Ruiz Fajardo considered moving for summary judgment on liability. Ruiz Fajardo ultimately declined to move for summary judgment and, accordingly, has removed that time from its fee request. The time entries that were removed have been marked in the margins of Exhibit 6.

30.     Ruiz Fajardo has endeavored to keep litigation expenses at a minimum. For example, Ruiz Fajardo noted only three depositions and elected to forego taking the depositions of Flow's expert witnesses. Rather than sending an attorney to Colombia to defend the depositions noted by Flow, Ruiz Fajardo utilized Miguel Ocampo, its local attorney, to assist in defending those depositions. Ruiz Fajardo also relied on its local attorney to assist with translating, producing, and reviewing documents, as well as representing it in March and July of 2017 when Flow renewed its attempts to fix the machine. Similarly, Ruiz Fajardo did not send an attorney to Miami, Florida to depose Flow's Rule 30(b)(6) deponents—instead, Ruiz Fajardo utilized video technology to conduct those depositions.

DECLARATION OF JAMES D. NELSON
IN SUPPORT MOTION FOR
ATTORNEYS' FEES AND COSTS
(2:16-CV-01902-RAJ)

- 7 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1367718.docx/022119 1746/8404-0001

31.     Conversely, Flow deposed six witnesses.  Flow even deposed Ruiz Fajardo's liability expert, Dieter Tischler, *three separate times*.  Flow sent one of its Seattle-based attorneys to Miami, Florida, to defend two depositions rather than utilizing a local attorney.  The lengthy deposition process, of which Flow bears majority responsibility, resulted in higher attorney fees and costs.

32.     Ruiz Fajardo has incurred significant legal fees throughout this litigation stemming from Flow's refusal to comply with litigation deadlines.  For example, Flow unilaterally canceled all depositions in this case on May 5, 2018, long after the depositions had been noted and after Ruiz Fajardo's counsel had prepared for those depositions.  Similarly, Flow refused to comply with the May 7, 2018 deadline for responding to Ruiz Fajardo's first set of interrogatories and requests for production.  Instead, Flow provided non-substantive "preliminary" responses and, on May 11, produced a very limited set of documents that consisted largely of various manuals.  Flow did not produce any substantive documents or responses until after the parties' pretrial statements were due.  Flow's refusal to comply with litigation deadlines had the effect of driving up the costs associated with litigation.

33.     In addition to driving up costs, Flow's refusal to comply with litigation deadlines had the dual effect of ensuring that Flow was unprepared to proceed with trial by the time that the parties' pretrial statements were due.  Flow never served a pretrial statement and demanded that Ruiz Fajardo stipulate to a trial continuance.  Ruiz Fajardo, however, had complied with all litigation deadlines and was prepared to proceed with trial—despite not receiving any substantive discovery from Flow.  Flow moved the Court for a continuance and Ruiz Fajardo filed a motion in opposition.  Dkt. 18-24.  The Court ultimately granted Flow's motion for a continuance.  Dkt. 29.

DECLARATION OF JAMES D. NELSON
IN SUPPORT MOTION FOR
ATTORNEYS' FEES AND COSTS
(2:16-CV-01902-RAJ)

- 8 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1367718.docx/022119 1746/8404-0001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

34.     Ruiz Fajardo believed that this matter could be settled from the time that it first sent a demand letter to Flow.  Unfortunately, Flow was unwilling to seriously negotiate with Ruiz Fajardo to resolve this matter.  Flow made no attempt to settle this matter until March 2018.  Even then, however, Flow offered Ruiz Fajardo only a fraction of the $437,830.00 that Ruiz Fajardo ultimately recovered at trial.  The jury awarded Ruiz Fajardo over *five times* more than Flow's offer, establishing that Ruiz Fajardo was more than reasonable in rejecting Flow's settlement proposal.

35.     Ruiz Fajardo incurred a total of $654,427.50 in attorneys' fees for the period beginning on May 10, 2016 and ending on February 7, 2019.  Of this total, Ruiz Fajardo asks this Court to award it the sum of $650,301.25.

36.     Ruiz Fajardo incurred a total of $74,731.58 in costs for the period beginning on May 10, 2016 and ending on February 7, 2019.  Of this total, Ruiz Fajardo asks this Court to award it the sum of $74,198.68.  This amount represents the total amount of costs, minus statutory costs submitted in the Bill of Costs.

37.     Ruiz Fajardo incurred a total of $19,902.50 in supplemental attorneys' fees for the period beginning on February 8, 2019 and ending on February 20, 2019.  These supplemental fees were incurred as a result of filing this fee and cost petition.  These fees cover tasks such as corresponding with opposing counsel, serving a subpoena and requests for production, drafting declarations, redacting and editing invoices, conferring with opposing counsel, and gathering all necessary documents for the petition.  Ruiz Fajardo asks this Court to award it the sum of $19,902.50 in supplemental attorneys' fees.

38.     In total, Ruiz Fajardo asks this Court to award it $670,203.75 in attorney fees and $74,198.68 in costs.

DECLARATION OF JAMES D. NELSON
IN SUPPORT MOTION FOR
ATTORNEYS' FEES AND COSTS
(2:16-CV-01902-RAJ)

- 9 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1367718.docx/022119 1746/8404-0001

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 21st day of February, 2019, at Seattle, Washington.

/s James D. Nelson
James D. Nelson

Betts, Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle, WA 98101-3927
Telephone: (206) 292-9988
Facsimile: (206) 343-7053
E-mail: jnelson@bpmlaw.com
Attorney for Plaintiff

DECLARATION OF JAMES D. NELSON
IN SUPPORT MOTION FOR
ATTORNEYS' FEES AND COSTS
(2:16-CV-01902-RAJ)

- 10 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1367718.docx/022119 1746/8404-0001

**CERTIFICATE OF SERVICE**

I, Shane Kangas, hereby certify that on February 21, 2019, I electronically filed the following:

- **Declaration of James D. Nelson in Support of Ruiz Fajardo's Motion for Attorneys' Fees and Costs; and**

- **Certificate of Service.**

with the Court using the CM/ECF system which will send notification of such filing to the following:

***Counsel for Defendant Flow International Corporation***
Andrew Escobar
Jeffrey DeGroot
DLA Piper LLP
701 5th Ave Ste 7000
Seattle, WA 98104-7044

DATED this 21st day of February 2019.

BETTS, PATTERSON & MINES P.S.

/s  *Shane Kangas*
Shane Kangas

DECLARATION OF JAMES D. NELSON
IN SUPPORT MOTION FOR
ATTORNEYS' FEES AND COSTS
(2:16-CV-01902-RAJ)

- 11 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1367718.docx/022119 1746/8404-0001