THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUIZ FAJARDO INGENIEROS ASOCIADOS S.A.S., a foreign corporation,<br><br>Plaintiff,<br><br>v.<br><br>FLOW INTERNATIONAL CORPORATION, a Delaware corporation,<br><br>Defendant. | No. 2:16-cv-01902-RAJ<br><br>**DEFENDANT FLOW INTERNATIONAL CORPORATION'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**<br><br>**NOTE ON MOTION CALENDAR: March 8, 2019** |

## I.     INTRODUCTION

Defendant Flow International Corporation ("Flow") respectfully brings this Motion pursuant to Federal Rule of Civil Procedure 45(c) to quash the subpoena served onto DLA Piper on February 14, 2019; and pursuant to Federal Rule of Civil Procedure 26(c) for a protective order with respect to Plaintiff's requests for production of documents served on Flow on February 19, 2019.  Plaintiff's newly-served discovery—which seeks to delve into DLA Piper's billing records, invoices, and expenses, ostensibly for the purpose of supporting Plaintiff's fee motion—is improper and must not be condoned by this Court, for at least three reasons.

*First*, Plaintiff never sought this information during discovery, which closed more than six months ago on September 28, 2018. In violation of the Federal Rules of Civil Procedure, Plaintiff has

DEFENDANT FLOW'S MOTION TO QUASH SUBPOENA
AND FOR PROTECTIVE ORDER - 1
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

now propounded untimely discovery without first seeking—let alone obtaining—the Court's consent to reopen discovery.

*Second*, Rule 69, which Plaintiff originally relied upon for seeking this discovery, is simply inapplicable here. That rule provides for discovery only to aid in the collection on a judgment that has already issued (and does not provide for discovery in order to obtain an award of attorneys' fees). That rule provides for discovery only to aid in the <u>collection</u> on a judgment, it does not provide for discovery to obtain an award of attorneys' fees. Even if Plaintiff's fee motion could somehow be construed as an attempt to collect on a judgment—and it plainly is not—Plaintiff's attempted discovery would nevertheless violate Rule 62(a), which provides that "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry . . . ." Because judgment on Plaintiff's jury verdict was entered on February 7, 2019, the discovery Plaintiff propounded five days later was improper for that additional reason.

*Third*, the discovery sought by Plaintiff is irrelevant, and courts hold that an opposing party's attorneys' fees and its counsel's hourly rates are not discoverable where, as here, the party opposing the fee petition has not argued that the hourly rate charged was unreasonable. Plaintiff filed its attorneys' fees motion on February 21, 2019 and Flow's opposition is not due until March 4, 2019, so at present, there is not even a colorable ground for Plaintiff to argue that Flow has put at issue its counsel's hourly rates or fees charged. Moreover, Flow does not intend to argue that Plaintiff's counsel's billing rates are excessive. And although Flow may argue that the number of attorney hours claimed by Plaintiff was inefficient or were due to unsuccessful motions or claims brought by Plaintiff, the number of hours that DLA Piper spent on this case are wholly irrelevant to those inquiries.

## II.   BACKGROUND

Pursuant to the Court's August 10, 2018 Order Setting Amended Trial Date and Related Dates, the deadline to complete discovery was September 28, 2018. ECF No. 30. Following the jury trial that began on January 28, 2019, the jury returned a verdict for Plaintiff on February 7, 2019. Four days later, on February 11, 2019, Plaintiff requested billing information from Flow. Declaration of

DEFENDANT FLOW'S MOTION TO QUASH SUBPOENA
AND FOR PROTECTIVE ORDER - 2
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

Andrew R. Escobar ("Escobar Decl."), Ex. A.  Specifically, Ruiz Fajardo requested all invoices, billing statements, batch statements, hourly rates, expert witness fees, and costs associated with this matter. *Id*.  On February 12, 2019, Ruiz Fajardo formally served Flow with its second set of interrogatories and requests for production of documents requesting this information and a notice of subpoena to DLA Piper.  Escobar Decl., Ex. B.  After receiving this discovery, Flow's counsel inquired with Plaintiff's counsel and requested the basis for why Plaintiff was entitled to these records.  Escobar Decl., Ex. C.  Plaintiff's counsel responded that the discovery fell under Federal Rule of Civil Procedure 69(a)(2) as post-judgment discovery.  *Id*.

Flow objected to this discovery and the parties met and conferred telephonically on February 14, 2019.  Escobar Decl., ¶ 5.  On that call, Flow's counsel pointed out that Plaintiff's stated grounds for discovery—under Rule 69—violated the automatic 30-day stay under Federal Rule of Civil Procedure 62(a).  Plaintiff's counsel also stated that the Requests were instead proper under Federal Rule of Civil Procedure 34 (despite the deadline to complete discovery passing on September 28, 2018).  Plaintiff's counsel refused to take a firm position or provide a clear justification as to why Plaintiff was entitled  to such discovery.

Ruiz Fajardo formally served a subpoena on DLA Piper on February 14, 2019.  Escobar Decl., Ex. D.  DLA Piper provided written objections on February 18, 2019.  *Id*.

### III.   ARGUMENT

**A.   Discovery is Closed, Plaintiff Has Not Sought Leave to Reopen Discovery, and Plaintiff Has Not Demonstrated Good Cause to Reopen Discovery.**

Plaintiff's attempt to conduct new discovery—served after the discovery cutoff and without seeking leave to serve such discovery—must be denied.  One of Plaintiff's stated theories for serving this discovery is that it is proper under Rule 34, but Plaintiff ignores that such discovery was served more than ***six months*** after the close of discovery.  Plaintiff never sought or obtained leave from the Court to serve this discovery and it is therefore untimely and improper.  *See Zhang v. GC Servs.*, LP, 537 F. Supp. 2d 805, 809 (E.D. Va. 2008) ("[T]he time period for normal, pre-trial discovery, as set forth in the Court's Scheduling Order, has also expired. Therefore, if Plaintiffs were to conduct

DEFENDANT FLOW'S MOTION TO QUASH SUBPOENA  
AND FOR PROTECTIVE ORDER - 3  
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)  
701 Fifth Avenue, Suite 6900  
Seattle, WA  98104-7029 | Tel: 206.839.4800

additional discovery on their fee motion, it would be necessary for them to first petition the Court to reopen discovery so that the Court could properly monitor the situation. Plaintiffs have not done so.").

Under Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The party seeking to reopen discovery "bears the burden of establishing good cause." *Jacobs v. New York City Dep't of Educ.*, 2015 WL 7568642, at *3 (E.D.N.Y. Nov. 24, 2015). "Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Here, Plaintiff has not sought leave of the Court to re-open discovery and for that reason alone, Plaintiff's discovery should not be allowed. But even if Plaintiff had sought leave of Court, Plaintiff has made no attempt to meet its burden to demonstrate "good cause" for re-opening discovery.

**B.     Rule 69(a)(2) Does Not Permit Plaintiff to Take Discovery For its Fee Motion.**

Plaintiff also purported to serve its discovery "pursuant to Fed. R. Civ. P. 69(a)(2)." *See* Escobar Decl., Ex. B at 1. By its own terms, however, Rule 69 is not applicable. Rule 69(a)(2) provides that: "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of records may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). However, this rule is used "to ***enforce*** the judgment by way of the supplemental proceedings." *Danning v. Lavine*, 572 F.2d 1386, 1390 (9th Cir. 1978) (emphasis added). "The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in ***collecting*** on a judgment." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012), *aff'd* sub nom. *Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250 (2014) (emphasis added).

Here, the discovery Plaintiff seeks is not for the purpose of aiding in collection of a judgment, but is instead sought in support of their attempt to obtain a new judgment—in the form of an award of

DEFENDANT FLOW'S MOTION TO QUASH SUBPOENA
AND FOR PROTECTIVE ORDER - 4
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

attorneys' fees.  *See*, *Black v. Greater Bay Bancorp Exec. Supplemental Comp. Benefits Plan*, 2018 WL 1510084, at *5 (N.D. Cal. Mar. 27, 2018) (Rejecting argument that Rule 69 provides a basis for post-judgment discovery to support a fee motion, holding: "Defendants do not provide any authority for permitting this kind of discovery before the Court has entered a money judgment (here, by way of an award of attorneys' fees), and such discovery would not be appropriate in this situation.").  Rule 69 therefore does not apply and does not provide a basis for Plaintiff to reopen discovery.

Even if Rule 69 did somehow allow discovery on Plaintiff's fee motion—and it does not—Plaintiff's attempts to take discovery on that basis would nevertheless run afoul of the Federal Rules of Civil Procedure.  That is because Rule 62(a) is explicit that: "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry . . . ."

Plaintiff's jury verdict was entered on February 7, 2019, and Plaintiff's discovery was propounded five days later.  Thus, to the extent Plaintiff claims to have propounded its discovery in "aid of the judgment or execution" pursuant to Rule 69(a)(2), such discovery is in violation of and prohibited by Rule 62(a)'s automatic 30-day stay of proceedings to enforce such judgment.

**C.    The Discovery Plaintiff Seeks Has Only Minimal Relevance, is Overly Broad, and Unduly Burdensome.**

Finally, and most significantly, it is unlikely that the additional discovery Plaintiff seeks will lead to relevant evidence.  In seeking this discovery, Plaintiff is apparently attempting to establish the reasonableness of its requested fees in order to compare them to Flow's billing and time records, which are unbeknownst to Plaintiff.  The burden of establishing the "reasonableness" of the fees it requests rests solely on Plaintiff, and Plaintiff has everything it needs—in the form of its *own* billing records—to argue that its rates and hours spent in this case were reasonable.

*1.    The Discovery Plaintiff Seeks is Irrelevant and Unwarranted in Light to the Undue Burden Such Discovery Would Impose.*

As the Supreme Court has explained, "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  As a result, "discovery in connection with fee motions is rarely permitted." *In re Genetically Modified Rice Litig.*, 764 F.3d

DEFENDANT FLOW'S MOTION TO QUASH SUBPOENA  
AND FOR PROTECTIVE ORDER - 5  
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)  
701 Fifth Avenue, Suite 6900  
Seattle, WA  98104-7029 | Tel: 206.839.4800

864, 872 (8th Cir. 2014). "When deciding a motion for attorney's fees, courts rarely reopen discovery, and evidentiary hearings are often unnecessary" and a "determination of a fee award by a district court solely on the affidavits in the record is perfectly proper." *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1153 (11th Cir. 2008) (internal citations and quotation marks omitted); *see also* Fed.R.Civ.P. 54(d)(2) Advisory Committee Notes (stating that discovery into fee submission is granted only "[o]n rare occasion").

But a "second major litigation" appears to be precisely what Plaintiff seeks in its untimely and improper discovery. Plaintiff does not merely request the number of hours that Flow's counsel expended in this litigation, but instead seeks to comb through detailed billing records, notes, and drafts of documents that Flow's counsel kept in this case. For example, Plaintiff's new Request for Production No. 1 seeks:

> Please produce every document which in any manner purports to document, reflect or summarize any legal services performed by any lawyer or staff member on behalf of defendant at any time in connection with this Lawsuit. This is directed to any form of billing worksheet, invoice, draft invoice, any handwritten or computer-generated notes, DayTimer-type entries, drafts and the like. This request for production is further intended to include pre-bills or billing worksheets which contain any such time records or entries.

Escobar Decl. Ex. B at 8.

Collecting and reviewing all documents responsive to this request alone would be extraordinarily burdensome, particularly in light of the fact that the majority of such materials contain highly sensitive attorney-client privileged and work product information, and far outweighs whatever minimal relevance such information might have to Plaintiff's fee request. *See Romag Fasteners, Inc. v. Fossil, Inc.*, 2014 WL 7003896, at *4 (D. Conn. Dec. 10, 2014) ("[I]t is clear to the Court that the production of Defendants' billing records will include countless privilege objections of varying merit requiring extensive in camera reviews that will substantially and unnecessarily burden the Court in this case that has already been over-litigated and overly contentious. . . . the benefit to be gained from an examination of Defendants' billing records is likely to be slight in comparison to the burden that will be imposed if Defendants are required to produce the records Plaintiff seeks.").

DEFENDANT FLOW'S MOTION TO QUASH SUBPOENA
AND FOR PROTECTIVE ORDER - 6
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

Indeed, courts generally find that this type of discovery is of minimal relevance. *See Souryavong v. Lackawanna Cty.*, 159 F. Supp. 3d 514, 545 (M.D. Pa. 2016), *aff'd*, 872 F.3d 122 (3d Cir. 2017) ("[T]he amount of fees one side might be willing to pay counsel in a matter involves various motivations, such as the precedential value of the case for that particular party, the on-going attorney-client relationship, and the amount of money the client has at his or her disposable to spend on the litigation. Accordingly, because both parties have already provided me with sufficient evidence to determine a reasonable fee award and because I do not find that defense counsel's records would be particularly relevant, Plaintiffs' motion will be denied."). [1]

### 2. The Discovery Plaintiff Seeks is Not Relevant Because Flow Has Not Challenged Plaintiff's Counsel's Hourly Rates.

Not only are an opposing party's billing records of minimal probative value, when courts do allow such discovery, they do so only where the opposing party has put at issue the reasonableness of the rate or hours expended. *See Marks Constr. Co. v. Huntington Nat'l Bank*, 2010 WL 1836785, at *7 (N.D. W. Va. May 5, 2010)("[A]bsent an attempt to claim a comparison between what Defendants paid and the claims of Plaintiffs as the basis for challenging the reasonableness of Plaintiffs' claimed fees, there is no relevance shown with respect to the issues of the amount and reasonableness of attorney's fees and costs claimed by Plaintiffs' counsel that justifies the required production of the billing records of [defense counsel].").

---

[1] *See also Johnson v. University College of University of Alabama*, 706 F.2d 1205, 1208 (11th Cir.1983) (opposing counsel's fees and expenses may be irrelevant because one side may employ more experienced counsel who bills at a higher rate); *Mirabel v. General Motors Acceptance Corp.*, 576 F.2d 729, 730 (7th Cir.1978) (amount of fees which one side is paid by its client is a matter involving various motivations in an on-going attorney-client relationship and may, therefore, have little relevance to the value which petitioner has provided to his client in a given case); *Martinez v. Schock Transfer and Warehouse Co.*, 789 F.2d 848, 849 (10th Cir.1986) (district court's determination foreclosing discovery was appropriate in the circumstances of this case-discovery would not be of assistance in resolving the issue of attorneys' fees); *Ambling Mgmt. Co. v. Univ. View Partners LLC*, 2010 WL 457508, at *2 (D. Md. Feb. 3, 2010) (confirming magistrate's order quashing subpoena seeking plaintiff's counsel's invoices, time sheets, and hourly rates); *Dee v. Borough of Dunmore*, 2013 WL 685144, at *2 (M.D. Pa. Feb. 25, 2013), aff'd, 548 F. App'x 58 (3d Cir. 2013) ("[T]he number of hours billed by Attorney Mehalchick for litigating this case has little relevance to the Defendants' objections to Attorney Pollick's time records or hourly rate."); *Samuel v. Univ. of Pittsburgh*, 80 F.R.D. 293, 295 (W.D. Pa. 1978) ("We also conclude that the hourly rate of defense counsel is not relevant to the reasonableness of the hourly rate sought by a plaintiff's counsel.").

DEFENDANT FLOW'S MOTION TO QUASH SUBPOENA
AND FOR PROTECTIVE ORDER - 7
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

Here, the only way in which Flow's billing and time records could possibly be relevant is if Flow were to put at issue the reasonableness of the hours and rates charged by Plaintiff's counsel by using their own hours and rates as the basis for challenging the reasonableness of Plaintiff's claimed fees. The most likely area where Flow may challenge the reasonableness of Plaintiff's claimed fees is the number of hours spent in total and/or on specific tasks. If Flow ultimately makes such an argument, then and only then would some information on Flow's counsel's hours (not the total fees as requested by Plaintiff) arguably be relevant and discoverable. And if Flow decides to make such an argument, Flow will likely provide such information on its counsel's hours concurrently with their opposition to Plaintiff's attorneys' fees motion, should Flow choose to make such an argument. *Okyere v. Palisades Collection, LLC*, 300 F.R.D. 149, 151 (S.D.N.Y. 2014) ("Here, plaintiff has made no showing as to why the number of hours expended by defendants on this case will be probative of the number of hours plaintiff's counsel should reasonably have expended. Nor does this Court have any reason to believe they would be probative. . . . defendants have not asserted that they plan to argue that the amount of time that defense counsel spent litigating the case would serve as a proper benchmark for the number of hours plaintiff's counsel reasonably expended.").

      *3.    Plaintiff's Attempt to Take Discovery is an Improper Attempt to Shift the Burden to Flow.*

Not only has Plaintiff failed to establish the relevance of Flow's billing records, Plaintiff is attempting to shift the burden to Flow to prove the reasonableness of its own fees by having Flow's counsel produce their time sheets and defend the reasonableness of their efforts. Such production would be of marginal assistance to the Court, at best, while placing an undue burden on the defense.

In *Zhang*, the plaintiffs moved to compel production of the defendant's counsel's time records, arguing that such information was relevant in light of the defendant's objection that the plaintiffs' fee petition was unreasonable. *Zhang v. GC Servs., LP*, 537 F. Supp. 2d 805, 808 (E.D. Va. 2008). The court noted that while some courts found it useful to compare the parties' counsel's hours and fees to determine reasonableness, "the same authority also cautions against the hazards of such a comparison

DEFENDANT FLOW'S MOTION TO QUASH SUBPOENA
AND FOR PROTECTIVE ORDER - 8
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

and notes that only occasionally do courts endeavor to compare the opposing counsel's fee records." *Id.* at 808–09.  The court denied the motion on the grounds that there was no compelling explanation of the relevance: "Not only have Plaintiffs failed to establish the relevance of Defendant's time sheets, it appears that Plaintiffs are attempting to shift the burden to the Defendant of proving the reasonableness of their own fees by having defense counsel produce their time sheets and defend the reasonableness of their efforts. Such production would be of marginal assistance to the Court, at best, while placing an undue burden on the defense."  *Id.* at 809; *Litt v. Portfolio Recovery Assocs., LLC*, 2014 WL 12721913, at *2 (E.D. Mich. Sept. 5, 2014) ("In the view of this Court, plaintiffs here fail to provide any compelling explanation of the relevance of defense counsel's billing records. Just as in *Zhang*, it appears that the plaintiffs are attempting to shift the burden to the defendant of proving the reasonableness of their own fees by having defense counsel produce their time sheets and defend the reasonableness of their efforts.").

Even in *Blowers v. Lawyers Cooperative Publishing Co., Inc.*, one of the rare cases in which limited discovery of an opposing party's billing records was allowed, the court granted discovery of the number of hours spent by defendants' counsel, but denied discovery of their rates and the total fees billed in the case.  *Blowers v. Lawyers Cooperative Publishing Co., Inc.*, 526 F. Supp. 1324, 1326-29 (W.D.N.Y.1981) ("The hourly rates charged to defendants by their attorneys … is simply not relevant in determining the prevailing hourly rate in the area.").  Here, Flow also does not intend to challenge the reasonableness of Plaintiff's counsel's billing rates, so there will never be any cause for discovery of Defendants' counsel's rates. *See Cohen v. Brown Univ.*, 1999 WL 695235, at *4 (D.R.I. May 19, 1999) ("The relevance of the hourly rates paid to the Defendants' attorneys is dependent upon a challenge to hourly rates claimed by the Plaintiffs' attorneys. Absent such a challenge, the Plaintiffs would have no reason to seek discovery of the hourly rates paid to the Defendants' attorneys.")

## IV.    CONCLUSION

In sum, Plaintiff cannot meet its burden of demonstrating good cause to modify the Court's scheduling order to reopen discovery.  Moreover, Plaintiff's original grounds for propounding such

DEFENDANT FLOW'S MOTION TO QUASH SUBPOENA
AND FOR PROTECTIVE ORDER - 9
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

1   discovery (pursuant to Rule 69) lacks merit because that rule does not apply and, even if it did,
2   Plaintiff's discovery would be run afoul of Rule 62(a)'s automatic 30-day stay of proceedings. Lastly,
3   Plaintiff has not provided a compelling reason why discovery of Flow's billing records is relevant or
4   probative or that a comparison of the parties' respective attorneys' fees is necessary to the Court's
5   assessment of reasonableness. Accordingly, Flow respectfully requests that the Court quash Plaintiff's
6   subpoena to DLA Piper and enter a protective order with respect to the requests for production Plaintiff
7   served on Flow.

Respectfully submitted this 28th day of February, 2019.

DLA PIPER LLP (US)

*s/ Andrew R. Escobar*
Andrew R. Escobar, WSBA No. 42793
Jeffrey DeGroot, WSBA No. 46839
Alexandria A. Walker, WSBA No. 53786
701 Fifth Avenue, Suite 6900
Seattle, Washington  98104-7029
Tel:   206.839.4800
Fax:   206.839.4801
E-mail:  andrew.escobar@dlapiper.com
E-mail:  jeffrey.degroot@dlapiper.com
E-mail:  alexandria.walker@dlapiper.com

Attorneys for defendant
Flow International Corporation

DEFENDANT FLOW'S MOTION TO QUASH SUBPOENA
AND FOR PROTECTIVE ORDER - 10
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

1

**CERTIFICATE OF SERVICE**

2  I hereby certify that on February 28, 2019, I electronically filed the foregoing with the

3  Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4  attorneys of record for the parties.

5  Dated this 28th day of February, 2019.

6  <u>*s/ Alicia Morales*</u>
   Alicia Morales, Legal Practice Specialist

7

8

9

10

11

12  WEST\285479656.2

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT FLOW'S MOTION TO QUASH SUBPOENA
AND FOR PROTECTIVE ORDER - 11
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800