THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUIZ FAJARDO INGENIEROS ASOCIADOS S.A.S., a foreign corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>FLOW INTERNATIONAL CORPORATION, a Delaware corporation,<br><br>  Defendant. | No. 2:16-cv-01902-RAJ<br><br>**DEFENDANT FLOW INTERNATIONAL CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>NOTE ON MOTION CALENDAR:<br>March 8, 2019 |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEYS FEES AND COSTS
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................... i
TABLE OF AUTHORITIES ........................................................................................................ ii
II.    INTRODUCTION ............................................................................................................ 1
III.   BACKGROUND .............................................................................................................. 2
IV.   ARGUMENT AND AUTHORITY .................................................................................. 5
    A.    Ruiz Fajardo Is Not Entitled to Attorneys' Fees Because It Is Not the Prevailing Party Under RCW 4.84.330 ................................................................ 5
    B.    Ruiz Fajardo's Request for Fees Is Otherwise Unreasonable ............................. 6
        1.    Ruiz Fajardo's Request Is Unreasonable Because it Does Not Account for Ruiz Fajardo's Unsuccessful Claims ................................................................. 7
        2.    Ruiz Fajardo's Request Is Unreasonable Because It Does Not Account for the Unproductive Time Spent at Trial ................................................................... 9
        3.    Ruiz Fajardo's Request Is Unreasonable Because It Does Not Discount Clerical Work .......................................................................................................10
        4.    Ruiz Fajardo's Request Is Unreasonable Because It Requests Fees of an Amount 1.77 Times Higher Than the Verdict Returned by the Jury ...............11
V.    CONCLUSION ...............................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Absher Const. Co. v. Kent Sch. Dist. No. 415*,
    79 Wn. App. 841, 917 P.2d 1086 (1995) .................................................................................. 8

*Berryman v. Metcalf*,
    177 Wn. App. 644, 312 P.3d 745 (2013) ................................................................................11

*Chuong Van Pham v. City of Seattle, Seattle City Light*,
    159 Wn.2d 527, 151 P.3d 976 (2007) ..................................................................................... 7

*Conti v. Corp. Servs. Grp., Inc.*,
    30 F. Supp. 3d 1051 (W.D. Wash. 2014) ................................................................................ 8

*Crest, Inc. v. Costco Wholesale Corp.*,
    128 Wn. App. 760, 115 P.3d 349 (2005) ............................................................................. 6, 7

*Eagle Point Condo. Owners Ass'n v. Coy*,
    102 Wn. App. 697, 9 P.3d 898 (2000) .................................................................................... 6

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ................................................................................................................ 8

*Mahler v. Szucs*,
    135 Wn.2d 398, 957 P.2d 632 (1998) .................................................................................. 6, 7

*Marassi v. Lau*,
    71 Wn. App. 912, 859 P.2d 605 (1993), *abrogated on other grounds by
    Wachovia SBA Lending, Inc. v. Kraft*, 165 Wn. 2d 481, 200 P.3d 683 ......................................... 5

*MRO Communications, Inc. v. AT&T Co.*,
    197 F.3d 1276 (9th Cir. 1999) ................................................................................................ 5

*N. Coast Elec. Co. v. Selig*,
    136 Wn. App. 636, 151 P.3d 211 (2007) ................................................................................ 7

*Phillips Bldg. Co., Inc. v. An*,
    81 Wn. App. 696, 915 P.2d 1146 (1996) ................................................................................ 5

*Singleton v. Frost*,
    108 Wn.2d 723, 742 P.2d 1224 (1987) ................................................................................... 7

*Softbank Content Serv., Inc. v. MPO Canada, Inc.*,
   225 Fed. Appx. 687 (9th Cir. 2007) ..............................................................................................10

*Wang v. Douglas Aircraft Co.*,
   121 F.3d 719 (9th Cir. 1997) ........................................................................................................10

**Statutes**

RCW 4.84.330 ...........................................................................................................................5, 6

RCW 62A.2-602 ............................................................................................................................ 2

RCW 62A.2-607 .........................................................................................................................2, 3

**Other Authorities**

Federal Rules of Evidence Rule 408 ............................................................................................. 4

## I.   INTRODUCTION

Defendant Flow International Corporation ("Flow") respectfully files this Opposition to Plaintiff Ruiz Fajardo Ingenieros Asociados S.A.S's ("Ruiz Fajardo") Motion for Attorneys' Fees and Costs. Ruiz Fajardo requests nearly $800,000 in attorneys' fees and costs under Washington's reciprocal attorney fee statute, despite being defeated on multiple claims and theories of recovery. Ruiz Fajardo's request is not well founded and must be denied under Washington law, or at the very least dramatically reduced, for at least two overarching reasons.

*First*, Ruiz Fajardo is not entitled to recover fees under Washington's reciprocal attorneys' fee statute. Ruiz Fajardo did not prevail on its two core claims in this case, and received a verdict on a minor fallback theory that awarded it far less than it sought throughout the course of this litigation and at trial. Since the beginning of this litigation (even before the Complaint was filed), Ruiz Fajardo focused its efforts on a breach of contract claim under a revocation theory, which it valued at $1.5 million, and a breach of warranty claim that sought over $1 million in lost profits. Flow successfully defeated Ruiz Fajardo on both of these theories. Specifically, this Court granted Flow's motion for partial summary judgment on the issue of revocation—holding that Ruiz Fajardo did not revoke its acceptance of the machine—thereby disposing of Ruiz Fajardo's breach of contract claim. Second, Flow successfully defeated Ruiz Fajardo on its lost profits claim at trial, as the jury only awarded Ruiz Fajardo compensatory damages that were significantly lower than both the $1 million lost profits claim it pursued at trial and the almost $800,000 fee award it seeks in this motion. Under Washington law, when both parties prevail on claims (and the defendant defeats both primary claims the plaintiff pursued), neither party is the "prevailing party" under the reciprocal attorneys' fee statute and, as a result, neither party is entitled to attorneys' fees.

*Second,* even if this Court were to award Ruiz Fajardo any fees, Ruiz Fajardo's unreasonable request of $774,402.43 must be considerably reduced for three main reasons. First, Flow prevailed on three out of the four issues presented to the Court on Flow's motion for partial summary judgment, yet Ruiz Fajardo barely discounted any time to account for this loss. Flow also successfully defeated

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES AND COSTS - 1
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

1  Ruiz Fajardo's claim for lost profits, which was the only claim it actively pursued at trial. Second,
2  inefficiencies and unproductive time inundated Ruiz Fajardo's case, especially during trial. Ruiz
3  Fajardo's case in chief ran much longer than what it had represented to the Court, partially due to Ruiz
4  Fajardo's ineffective deposition video editing. Despite the Court's admonitions about video editing
5  (and Flow volunteering its staff to edit Ruiz Fajardo's videos through the wee morning hours between
6  trial days), Ruiz Fajardo still requests the Court award fees for this task. Ruiz Fajardo also improperly
7  requests fees for time spent by its paralegals and attorneys engaging in clerical tasks. And third, Ruiz
8  Fajardo is asking for an award of fees that is almost double the amount Ruiz Fajardo was awarded at
9  trial. Accordingly, if this Court is to award Ruiz Fajardo fees—-and it should not—-Flow respectfully
10 requests that the total fee and cost award not exceed $200,000, which would reflect a generous 45.6%
11 of the jury verdict.

## II.   BACKGROUND

On December 13, 2016, Ruiz Fajardo filed a lawsuit against Flow, alleging causes of action for breach of contract and breach of warranty under Washington's UCC stemming from Ruiz Fajardo's purchase of a waterjet machine from Flow. Dkt. No. 1 at ¶ 43 ("Flow breached its contract with Ruiz Fajardo. Flow also breached its warranty to Ruiz Fajardo.") These two theories cannot coexist—they are separate and distinguishable claims as evidenced by the fact that a breach of contract claim stems from revoking the contract and rejecting the good, whereas a breach of warranty claim stems from damages *after* a buyer has accepted an alleged nonconforming good. RCW 62A.2-602; RCW 62A.2-607. Ruiz Fajardo acknowledged the two claims were mutually exclusive in the complaint. Dkt. No. 1 at ¶ 40–41. The parties proceeded litigating this case under these two competing theories.

On October 25, 2018, Flow brought a motion for partial summary judgment against Ruiz Fajardo. Dkt. No. 32. Specifically, Flow sought summary judgment on: (1) whether the consequential damages limitation contained in the Contract was enforceable; (2) whether the only warranty in which Ruiz Fajardo could base its breach of warranty claim was the single express warranty claim in the contract, (3) whether the warranty only extended for one year; and (4) whether Plaintiff revoked

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES AND COSTS - 2
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

acceptance of the machine.[1]  *Id*.  This Court delivered its Order on Flow's motion for partial summary judgment on December 27, 2018.  Dkt. No. 42.  Of the four issues presented, this Court granted summary judgment in Flow's favor on three out of the four.  *Id*.   Specifically, this Court held that (1) there was a genuine issue of material fact as to whether the remedy limitation in the Contract failed its essential purpose and whether the Contract's limitation on consequential damages was valid; (2) the only warranty which Plaintiff could base its breach of warranty claim was the limited warranty in the Contract; (3) the limited warranty only ran for one year from date of shipment; and (4) Ruiz Fajardo did not revoke acceptance of the Machine.  *Id*.  The Court's Order acknowledged that Plaintiff was attempting to recover under two competing theories of liability.  *Id.* at 14:15–17.  Accordingly, this ruling prevented Ruiz Fajardo from moving forward with one of its two main claims—a claim that Ruiz Fajardo's expert, Mr. Solis, had valued above $1.1 million.  *See* Declaration of Andrew Escobar In Support of Defendant's Opposition to Plaintiff's Motion ("Escobar Decl."), Exs. 1 & 2.

The jury trial began on January 28, 2019.  Throughout trial, Ruiz Fajardo repeatedly asked for a verdict in excess of $1 million dollars, focusing its claim around the notion that Ruiz Fajardo was entitled to lost profits stemming from Flow's breach.  Ruiz Fajardo called a damages expert, David Solis, whose testimony focused exclusively on this lost profits claim.  On February 7, 2019, the jury rendered a verdict in favor of Ruiz Fajardo and awarded it $437,830—the contract price of the machine. Dkt. No. 74.  However, immediately before the jury rendered its verdict, the jury asked the court: "In lieu of lost profits may we award compensation in form of the amount of contract price of a Mach 4 $437,830?"  Dkt. No. 72.  By awarding Ruiz Fajardo the purchase price of the machine, the jury made clear Ruiz Fajardo had not met its burden of proving it was entitled to lost profits.  The $437,830 verdict in compensatory damages was substantially lower than the $1.1 million in lost profits Ruiz Fajardo asked of the jury.

---

[1] Prior to bringing a motion for partial summary judgment, Flow asked Ruiz Fajardo if it would drop its cause of action for breach of contract as it was still using the machine, but Ruiz Fajardo refused. Escobar Decl., ¶ 5.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES AND COSTS - 3
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

Further, the verdict was substantially less than the amount Ruiz Fajardo demanded during negotiation.[2] Ruiz Fajardo's initial demand, made on September 21, 2016, requested more than $1 million. *See* Declaration of Peter Vial ("Vial Decl."), Ex. B. On March 6, 2018, Ruiz Fajardo sent Flow a second letter, demanding $1.19 million. Escobar Decl., ¶ 3. On May 1, 2018, before either party had engaged in substantial discovery or incurred the majority of its fees, the parties had a direct-negotiation settlement meeting. Escobar Decl., ¶ 4. During this meeting, Ruiz Fajardo refused to go below its $1.17 million demand, relying on the revocation and lost profits theories to support this number. *Id.* Flow's last offer was combination of money and service-related terms, the value of which was approximately $200,000. *Id.* Thus, the notion advanced by Ruiz Fajardo in the Declaration of Peter Vial (an attorney who has no direct knowledge of this case and therefore lacks foundation to provide any opinions about this case) incorrectly implies that the settlement discussions required to Ruiz Fajardo to fight. This is simply not true, as Ruiz Fajardo refused to go below $1.17 million. In fact, Flow's $200,000 settlement offer, made on May 1, 2018—i.e. almost nine months before trial and before the vast majority of Ruiz Fajardo's fees and costs were incurred—was much closer to the actual outcome of $437,830. As Ruiz Fajardo ended settlement negotiations after Flow's last offer, Flow had no chance but to continue to trial. *Id.* This strategy was successful, as Ruiz Fajardo was awarded substantially less at trial than the $1 million to $1.5 million it had consistently sought from Flow before trial.

---

[2] Flow brings this up because Ruiz Fajardo opened the door to bring in settlement discussions by arguing the point in its brief and providing declarations to that effect. *See* Declaration of James Nelson, ¶ 34 (discussing Flow's settlement offers made during the May 1, 2018 direct negotiation) and Declaration of Peter Vial ("Vial Decl."), ¶ 8 (referring to Ruiz Fajardo's $1 million settlement offer), Ex. B (attaching Plaintiff's original settlement correspondence). Further, Flow is not offering this settlement offer evidence to show liability. Such evidence is not barred under Federal Rules of Evidence Rule 408.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION  
FOR ATTORNEYS' FEES AND COSTS - 4  
No. 2:16-cv-01902-RAJ  

DLA Piper LLP (US)  
701 Fifth Avenue, Suite 6900  
Seattle, WA  98104-7029 | Tel: 206.839.4800

## III.   ARGUMENT AND AUTHORITY

### A.   Ruiz Fajardo Is Not Entitled to Attorneys' Fees Because It Is Not the Prevailing Party Under RCW 4.84.330

Under Washington's reciprocal attorneys' fees statute, the prevailing party shall be entitled to reasonable attorneys' fees and costs if the contract provides for such.[3] RCW 4.84.330. But, Washington courts have consistently held that there is no "prevailing party" for purposes of the statute if *both* parties prevail on key issues. *Marassi v. Lau*, 71 Wn. App. 912, 917, 859 P.2d 605 (1993), *abrogated on other grounds by Wachovia SBA Lending, Inc. v. Kraft*, 165 Wn. 2d 481, 200 P.3d 683 (holding that although the plaintiffs did receive an affirmative judgment, they only prevailed on 2 of the original 12 claims and therefore a finding that the plaintiffs 'substantially prevailed' under RCW 4.84.330 would not obtain a fair or just result). Rather, in such a situation, neither party is entitled to attorneys' fees. *Phillips Bldg. Co., Inc. v. An*, 81 Wn. App. 696, 702, 915 P.2d 1146 (1996) ("[W]hen both parties to an action are afforded some measure of relief and there is no singularly prevailing party, neither party may be entitled to attorney fees.")

Ruiz Fajardo cannot be considered the "prevailing party" for purposes of RCW 4.84.330 because Flow defeated the two main theories Ruiz Fajardo focused on since the litigation's inception. *See generally,* Vial Decl., Ex. 2 (Ruiz Fajardo's demand letter sent before Ruiz Fajardo formally filed its lawsuit, noting that Flow breached the contract, breached the warranty, and Ruiz Fajardo was entitled to lost profits). Ruiz Fajardo prevailed on a backup theory that awarded it far less than it sought throughout this case.

Flow was victorious on Ruiz Fajardo's breach of contract claim, which Ruiz Fajardo valued at $1.5 million. This Court granted Flow's motion for partial summary judgment, holding that Ruiz Fajardo did not revoke the machine—thereby finding Flow successfully defeated Ruiz Fajardo on its breach of contract theory. *See* Dkt. No. 42. Flow also successfully defeated Ruiz Fajardo's lost profit

---

[3] Ruiz Fajardo's claims stem from Washington's UCC. When a federal court exercises jurisdiction over state law claims, it generally relies on state law regarding the recovery of attorneys' fees. *MRO Communications, Inc. v. AT&T Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999).

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES AND COSTS - 5
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

claim, which Ruiz Fajardo's expert, Mr. Solis, valued at $1.08 million. Escobar Decl., Ex. 2 at Schedule 3. This was evident when the jury asked the Court if it could award the price of the machine in lieu of lost profits. Dkt. No. 72. Almost immediately thereafter, the jury returned its verdict for the plaintiff for $437,830, the exact price of the machine. Dkt. No. 74. Accordingly, Ruiz Fajardo only effectively prevailed its backup compensatory damages theory (i.e. compensatory or "direct damages"), but lost both of its core claims of rescission and lost profits. As neither party substantially prevailed for purposes of the reciprocal attorneys' fee statute, neither is entitled to recover fees, and the Court must deny Ruiz Fajardo's motion. *See Crest, Inc. v. Costco Wholesale Corp.*, 128 Wn. App. 760, 772–73, 115 P.3d 349 (2005) (holding that the trial court did not err in finding the defendant to be a prevailing party under RCW 4.84.330 when it successfully defended the major claim of the case even though the trial court granted a judgment to the plaintiff based on other claims). This is especially true considering Ruiz Fajardo prevailed on a backup theory it did not focus on throughout the litigation.

**B.      Ruiz Fajardo's Request for Fees Is Otherwise Unreasonable**

If this Court does award Ruiz Fajardo fees—and it should not under Washington law—Ruiz Fajardo's request must be reduced to a reasonable amount. In the absence of a predetermined award set forth in a contract, a court must use the lodestar method to calculate a fee award. *Crest*, 128 Wn. App. at 773. This award must be accompanied by findings of fact and conclusions of law. *Eagle Point Condo. Owners Ass'n v. Coy*, 102 Wn. App. 697, 715, 9 P.3d 898 (2000) (remanding an award of attorney's fees when the court simply announced a number and did not provide any findings or conclusions to explain how the court arrived at that number). "Courts must take an *active* role in assessing the reasonableness of fee awards, rather than treating cost decisions as a litigation afterthought." *Mahler v. Szucs*, 135 Wn.2d 398, 434–435, 957 P.2d 632 (1998).

The lodestar number is calculated by multiplying the number of hours reasonably spent by the reasonable hourly rate. *N. Coast Elec. Co. v. Selig*, 136 Wn. App. 636, 643, 151 P.3d 211 (2007). The court must "first determine that counsel expended a reasonable number of hours in securing a

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES AND COSTS - 6
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

successful recovery for the client." *Mahler*, 135 Wn.2d at 434. To do so, the court must "exclude from the requested hours any wasteful or duplicative hours and any hours pertaining to **unsuccessful theories or claims**." *Id.* (emphasis added). If a party has limited success, the court should award fees that are reasonable in light of that result. *Chuong Van Pham v. City of Seattle, Seattle City Light*, 159 Wn.2d 527, 540–41, 151 P.3d 976 (2007). In determining reasonableness of fees, courts must look to multiple factors, including the novelty and difficulty of the questions involved and the matter and the results obtained.[4] *Crest*, 128 Wn. App. at 773. The amount involved must be considered in ascertaining reasonableness. *Singleton v. Frost*, 108 Wn.2d 723, 732, 742 P.2d 1224 (1987).

Flow does not take issue with the hourly rate of Ruiz Fajardo's Washington counsel. Flow, however, does take issue with the number of hours Ruiz Fajardo alleges it expended on this case, considering Ruiz Fajardo's limited success. As explained above, Flow defeated Ruiz Fajardo on its two main claims in this case. Moreover, Ruiz Fajardo does not account for the inefficiencies and unproductive time it spent at trial. Ruiz Fajardo is also asking the court to include in its award time spent on clerical work and translation. And finally, Ruiz Fajardo requests a fee award 1.77 times higher than what it was awarded by the jury, which means that its lawyers would be paid well in excess of the result secured for their client if this outsized fee request is granted.

> 1. *Ruiz Fajardo's Request Is Unreasonable Because it Does Not Account for Ruiz Fajardo's Unsuccessful Claims*

A district court may reduce a request for attorneys' fees when the applicant achieved only limited success in the underlying litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) ("A reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole."); *see also Absher Const. Co. v. Kent Sch. Dist. No. 415*, 79 Wn. App. 841, 847, 917 P.2d 1086 (1995) (holding that a court may discount hours spent on unsuccessful

---

[4] Courts must also look at the local fees, the time and labor required, the skill requisite to perform the legal service properly and the terms of the fee agreement between the lawyer and client, the nature and length of the professional relationship with the client, and the experience, reputation, and ability of the lawyers performing the service. *Crest*, 128 Wn. App. at n.17, *citing* RPC 1.5(a). Flow does not focus on these factors as they mainly speak to the reasonableness of hourly rates, which Flow does not contest.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES AND COSTS - 7
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800

claims). "The court's task is to make a reasonable estimate of how much time counsel expended in the pursuit of successful claims." *Conti v. Corp. Servs. Grp., Inc.,* 30 F. Supp. 3d 1051, 1080 (W.D. Wash. 2014) (applying Washington law and reducing fees by 30% to account for the time the plaintiff's counsel spent pursuing claims on which the plaintiff did not succeed). Here, Ruiz Fajardo did not prevail on either of its two major theories pursued in this case.

This Court granted Flow's motion for partial summary judgment on three of the four issues Flow requested. Dkt. No. 42. As explained above, this Court's ruling on revocation disposed of one of Ruiz Fajardo's two causes of action—one valued at $1.5 million. *See* Escobar Decl., Ex. 1 at 9. In light of the fact Flow prevailed on three out of four claims, and because it can be determined what time Ruiz Fajardo devoted to opposing Flow's motion for partial summary judgment, any time Ruiz Fajardo spent opposing summary judgment must be reduced by 75%, or approximately $22,072. Escobar Decl., ¶ 12. It is impossible, however, to determine with specificity based on the evidence submitted in the Motion, how much time Ruiz Fajardo's counsel spent on these failed claims—including its main rescission claim—in *advance* of the summary judgment motion. The time spent on these claims is of course imbedded in the time it took Ruiz Fajardo to prepare its initial demand, analyze its settlement approach, and strategize discovery. Accordingly, it is appropriate to estimate that approximately 50% of Ruiz Fajardo's counsel's time was spent on these failed claims in advance of summary judgment time, which is approximately $352,848. Escobar Decl., ¶ 13. Thus, Flow requests that this Court reduce Ruiz Fajardo's fees by 50% to account for this point.

Moreover, Flow successfully defended Ruiz Fajardo's major theory of recovery at trial because the jury did not award Ruiz Fajardo any of the $1 million in lost profits that it sought. Throughout trial, Ruiz Fajardo focused its damages strategy exclusively on lost profits. *See e.g.*, Escobar Decl, Ex. 3 (Ruiz Fajardo's opening statements asking the jury to award over $1 million due to lost customers and a tarnished reputation); Ex. 5 (Mr. Solis opining that Ruiz Fajardo was entitled to recover between $1.07 and $1.09 million in lost profits). Ruiz Fajardo barely focused on the purchase price theory of recovery, only mentioning it during closing arguments. *See* Escobar Decl,. Ex. 6 Mr.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION  
FOR ATTORNEYS' FEES AND COSTS - 8  
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)  
701 Fifth Avenue, Suite 6900  
Seattle, WA 98104-7029 | Tel: 206.839.4800

Solis's two expert reports focused mainly on lost profits, as did his testimony at trial. As discussed above, the jury's verdict—which equaled the purchase price of the machine—did not include lost profits. As Flow was obviously successful in defending against this claim, Ruiz Fajardo should not be able to recover fees in connection with this theory. And relatedly, Ruiz Fajardo should not be entitled to recover any costs from Mr. Solis, as both of his expert opinion bases (rescission and lost profits) were unsuccessful. Thus, the Court should not award Ruiz Fajardo fees for any of the time or costs associated with Mr. Solis or time spent working on the lost profits theory, which totals approximately $59,500. Escobar Decl., ¶ 10.

        2.    *Ruiz Fajardo's Request Is Unreasonable Because It Does Not Account for the Unproductive Time Spent at Trial*

Ruiz Fajardo's award must be reduced to account for the unproductive time Ruiz Fajardo's counsel spent at trial. *See Absher Const. Co.*, 79 Wn. App. at 847 ("The court may discount hours spent on unsuccessful claims, duplicated effort, or otherwise unproductive time."). During the final pretrial conference, Ruiz Fajardo's counsel represented that the total trial would last four to five days. Yet in reality, Ruiz Fajardo's case in chief alone lasted well over four days—including almost two days dedicated entirely to its main witness, Mr. Ruiz. As a result, the Court had to repeatedly give reminders to move the case along. Further, Plaintiff insisted on offering the majority of its witness testimony video depositions but failed to adequately edit these videos, which resulted in the jury sitting through considerable dead air and long Spanish-language discussions. After a full day at trial was spent on these videos, the Court asked the parties to edit the out gaps in testimony and questions in Spanish. *See* Escobar Decl., Ex. 4. Plaintiff's counsel was unable to do so. Accordingly, DLA Piper's paralegal took on the task and worked until 4:17 a.m. to have the videos edited before trial started again that morning. Escobar Decl., ¶ 7. DLA Piper was able to dispose of seventy-four minutes of wasted video time. *Id*. Incredibly, Ruiz Fajardo still requests all its fees totaling approximately $14,510 related to this video editing. Escobar Decl., ¶ 8. Moreover, during the time these videos were being played to the jury, all four of Ruiz Fajardo's attorneys billed for this time, notwithstanding

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION  
FOR ATTORNEYS' FEES AND COSTS - 9  
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)  
701 Fifth Avenue, Suite 6900  
Seattle, WA  98104-7029 | Tel: 206.839.4800

the fact the videos were merely a replay of deposition testimony that already occurred. By contrast, only DLA Piper's lead attorney, Mr. Escobar, sat at counsel table during the day and half of video deposition testimony. The Court must discount Ruiz Fajardo's total fees by $5,077 to account for this duplicative time. Escobar Decl., ¶ 9.

### 3. Ruiz Fajardo's Request Is Unreasonable Because It Does Not Discount Clerical Work

This Court must discount any work that is clerical in nature. *See Absher Constr. Co.*, 79 Wn. App. at 845–46 (denying compensation for time spent preparing pleadings, preparing and delivering copies, requesting copies, and organizing). Ruiz Fajardo had one paralegal (Shane Kangas) working on the case. The majority of Mr. Kangas' billing entries, along with some attorney entries, detail clerical work such as organizing, collecting documents, and coordinating translations. Escobar Decl., ¶ 11. This clerical work accounts for approximately $14,128 of Ruiz Fajardo's total request.[5] *Id.* Accordingly, the Court must subtract this time from Ruiz Fajardo's request.

Moreover, Ruiz Fajardo is attempting to collect $100,000 in fees for its Colombian lawyer when it has provided no evidence that Mr. Ocampo performed any substantive and non-duplicative legal work. The two cases on which Ruiz Fajardo relies do not support Ruiz Fajardo's argument.[6] Ruiz Fajardo characterizes Mr. Ocampo's help as largely clerical: "organizing and collecting documents, procuring translations, and conveying information to Ruiz Fajardo's retained experts." Dkt. No. 84 at 6:5–7. During trial, Mr. Ocampo served as Tulio Ruiz's translator, a fact that Ruiz Fajardo admitted at the final pretrial conference when Ruiz Fajardo asked the Court for permission to have Mr. Ocampo sit at counsel's table to translate. Escobar Decl., ¶ 6. Other than broadly stating that Mr. Ocampo was involved in "strategy" discussions at trial, Ruiz Fajardo has not provided any

---

[5] This does not include the time Mr. Kangas spent editing the videos for trial, which Flow accounted for in the above section of its motion.

[6] In *Wang v. Douglas Aircraft Co.*, 121 F.3d 719 (9th Cir. 1997), the Court had information that the foreign attorney performed "immigration-related services in China that facilitated the prosecution of this case in the United States…" and "played an instrumental role in securing necessary medical records from sources in China." *Id.* at *4. Further, the court in *Softbank Content Serv., Inc. v. MPO Canada, Inc.*, 225 Fed. Appx. 687, *1 (9th Cir. 2007), did not provide any analysis on the work of the foreign attorneys in that case, so it is impossible to determine how their role compared to that of Mr. Ocampo. Additionally, the court in *Softbank* interpreted California law when affirming the trial court's award of attorney's fees.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION  
FOR ATTORNEYS' FEES AND COSTS - 10  
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)  
701 Fifth Avenue, Suite 6900  
Seattle, WA  98104-7029 | Tel: 206.839.4800

information on how Mr. Ocampo added to the legal analysis or how his time was not merely duplicative of the three attorneys from Betts Patterson that attended trial.[7]  *See Berryman*, 177 Wn. App. at 659 (holding that duplicated efforts of attorneys were unreasonable and required a discount of the attorney fees award).  Nor did Mr. Ocampo provide any billing records or time entries to support his claim he was engaging in substantive legal work.  As it is Plaintiff's burden to prove its reasonable fees, and Ruiz Fajardo has not done so, Ruiz Fajardo should not be able to recover $100,000 in fees for Mr. Ocampo.

   *4.  Ruiz Fajardo's Request Is Unreasonable Because It Requests Fees of an Amount 1.77 Times Higher Than the Verdict Returned by the Jury*

The reductions outlined above would, if applied, make Ruiz Fajardo's fee request less unreasonable (assuming they are entitled to such an award, which they are not).  But, a comparable reduction is required for a second, independent reason:  Ruiz Fajardo's requested fee award is grossly disproportional to the result it received.  Ruiz Fajardo is requesting a fee award that far exceeds the amount it was awarded at trial.  While a large attorney fee award may be entered in a matter with smaller stakes, the "proportionality of the fee award to the amount at stake remains a vital consideration." *Berryman v. Metcalf*, 177 Wn. App. 644, 660, 312 P.3d 745 (2013).  Ruiz Fajardo is requesting $670,203.75 in fees and $74,198.68 in costs (totaling $774,402.43) for a case in which it was only awarded $437,830.00,

Here, Ruiz Fajardo is requesting a fee approximately 77% larger than what it ultimately recovered at trial.  And the amount Ruiz Fajardo ultimately recovered at trial was substantially less than the $1.17 million it demanded in settlement, the $1.5 million it requested under its revocation theory, and the $1.1 million it requested in the form of lost profits.  In light of the damages Ruiz Fajardo ultimately recovered—less than half the amount it asked of the jury—the court must reduce Ruiz Fajardo's fee award so it is proportional to the amount it ultimately recovered.  Flow respectfully

---

[7] Mr. Nelson's declaration states that Mr. Ocampo assisted in defending Ruiz Fajardo's depositions.  *See* Declaration of James Nelson, ¶ 30.  Not so.  Mr. Nelson defended his clients' depositions via telepresence and Mr. Ocampo billed duplicative time to sit with the client in Bogota.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION  
FOR ATTORNEYS' FEES AND COSTS - 11  
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)  
701 Fifth Avenue, Suite 6900  
Seattle, WA 98104-7029 | Tel: 206.839.4800

requests that the total fee and cost award not exceed $200,000, which would reflect a generous 45.6% of the jury verdict.

## IV. CONCLUSION

In light of the above considerations, Flow respectfully requests that the Court deny Ruiz Fajardo's Motion for Attorneys' Fees and Costs. Alternatively, Flow respectfully requests that the Court issue no more than $200,000 in fees and costs for the aforementioned reasons.

Respectfully submitted this 4th day of March, 2019.

DLA PIPER LLP (US)

*s/ Andrew R. Escobar*
Andrew R. Escobar, WSBA No. 42793
Jeffrey DeGroot, WSBA No. 46839
Alexandria A. Walker, WSBA No. 53786
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Tel: 206.839.4800
Fax: 206.839.4801
E-mail: andrew.escobar@dlapiper.com
E-mail: jeffrey.degroot@dlapiper.com
E-mail: alexandria.walker@dlapiper.com

Attorneys for defendant
Flow International Corporation

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES AND COSTS - 12
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the parties.

Dated this 4th day of March, 2019.

*s/ Rachel Evans*
Rachel Evans, Legal Practice Specialist

WEST\285564508.3

DEFENDANT FLOW INTERNATIONAL CORPORATION'S
OPPOSITION TO PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS - 13
No. 2:16-cv-01902-RAJ

DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA  98104-7029 | Tel: 206.839.4800