HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUIZ FAJARDO INGENIEROS ASOCIADOS S.A.S., a foreign corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FLOW INTERNATIONAL CORPORATION, a Delaware corporation,<br><br>Defendant. | NO. 2:16-CV-01902-RAJ<br><br>PLAINTIFF RUIZ FAJARDO'S REPLY TO FLOW'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS |

PLAINTIFF RUIZ FAJARDO'S REPLY TO FLOW'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS (2:16-CV-01902-RAJ)

- 0 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1377727/030819 1623/8404-0001

I.   **REPLY**

Defendant Flow International Corporation ("Flow") paints a vivid picture for the Court in its opposition to Ruiz Fajardo Ingenieros Asociados S.A.S.'s ("Ruiz Fajardo") motion for attorneys' fees and costs. So vivid, in fact, that it barely resembles reality. A casual reader would be forgiven if, after having read Flow's opposition brief, he or she did not realize that the jury found *against* Flow and in favor of Ruiz Fajardo on *every single issue* that was before it. But that is exactly what occurred. (James Nelson Declaration ("Nelson Decl.") Ex. 1.)

Flow's strategy appears to be an attempt to move the target so far afield—by asking the Court to completely deny Ruiz Fajardo its fees or reduce its fees by 75%—with the hope that the Court will "split the baby" and end up somewhere in the middle. The Court should reject this tactic. Ruiz Fajardo is unquestionably the substantially prevailing party in this litigation and is entitled to *all* of its requested fees and costs because those fees and costs are reasonable and were necessarily incurred as a result of Flow's vigorous but unsuccessful defense.

**A.   Ruiz Fajardo is the Substantially Prevailing Party**.

"Under RCW 4.84.330, 'prevailing party' means the party in whose favor the court rendered final judgment." *Hawkins v. Diel*, 166 Wn. App. 1, 10, 269 P.3d 1049 (2011) (citing *Riss v. Angel*, 131 Wn.2d 612, 633, 934 P.2d 669 (1997)). "If neither party wholly prevails, then the party that substantially prevails on its claims is the prevailing party. The substantially prevailing party need not prevail on his or her entire claim." *Hawkins*, 166 Wn. App. at 10 (internal citations omitted). "Successfully defending a portion of the [plaintiff's] suit does not make [the defendant] a prevailing party." *Id.* at 12.

From the very beginning, Ruiz Fajardo has asserted that Flow sold it a defective waterjet cutting machine, that Flow failed to repair that machine within a reasonable time, and that Ruiz Fajardo was damaged as a result. Nearly all of the legal work advanced from the inception of the case until the entry of judgment against Flow has been to prove that basic premise—which is

PLAINTIFF RUIZ FAJARDO'S REPLY TO FLOW'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS (2:16-CV-01902-RAJ) - 1 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1377727/030819 1623/8404-0001

exactly what Ruiz Fajardo did. Flow disputed that it had breached the contractual warranty, disputed that Ruiz Fajardo notified it of the breach within a reasonable time, disputed that its limited repair or replace warranty failed of its essential purpose, disputed that Ruiz Fajardo was injured as a result, and argued that Ruiz Fajardo had failed to mitigate damages. The jury found against Flow on *all* of these issues—and these are the *very same issues* that Ruiz Fajardo identified in its initial demand letter and Complaint. (Nelson Decl. Ex. 2; Dkt. 1.)

Nevertheless, Flow now inexplicably represents to the Court that *Flow* is an equally prevailing party in this litigation because it successfully limited Ruiz Fajardo to its primary theory of recovery. Indeed, although Flow summarily asserts that revocation was Ruiz Fajardo's primary theory of recovery, nothing could be further from the truth. Ruiz Fajardo expended very little time separately developing revocation because it relied on the *exact same facts* used to support its successful claim of breach of warranty.[1] Ruiz Fajardo has already removed from its request the time spent researching case authority on revocation, which represents the only time not inextricably intertwined with the primary claim.[2]

**B.    Ruiz Fajardo's Request for Fees and Costs is Reasonable.**

   **1.    Flow Did Not "Prevail" on Summary Judgment or on Lost Profits.**

Flow's tactic here is to take an objectively false statement—in this case, that Flow defeated Ruiz Fajardo's breach of warranty claim and that Ruiz Fajardo only prevailed on a "backup theory"—and repeat it ad nauseam. But because the jury's verdict cannot support such a gross mischaracterization, Flow invites the Court to speculate about what sort of damages each

---

[1] Flow repeatedly asserts that Ruiz Fajardo advanced a claim for breach of contract and a separate claim for breach of warranty, summarily asserting that it defeated both claims. (Dkt. 93 at 1, 5, 6.) These assertions are puzzling. The jury was asked "Did the plaintiff prove that the defendant breached the express *contractual warranty*?" to which the jury answered "Yes." (Nelson Decl. Ex. 1 (emphasis added).) "A breach of warranty is a breach of contract, and may be sued on as such." *Dushane v. Benedict*, 120 U.S. 630, 7 S. Ct. 696, 30 L. Ed. 810 (1887). Clearly, Flow did not prevail on this claim.

[2] A review of Ruiz Fajardo's opposition to Flow's motion for summary judgment makes clear that Ruiz Fajardo did not put much emphasis on its revocation theory—rather, it contested Flow's motion for summary judgment primarily as an attempt to preserve an *alternative* theory of recovery.

PLAINTIFF RUIZ FAJARDO'S REPLY
TO FLOW'S OPPOSITION TO MOTION
FOR ATTORNEYS' FEES AND COSTS
(2:16-CV-01902-RAJ)

- 2 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1377727/030819 1623/8404-0001

juror believed he or she was awarding Ruiz Fajardo. The Court should decline to do so.

The verdict form did not differentiate between lost profits, damage to reputation, compensatory damages, or any other form of damages. To the contrary, the jury was asked to find simply "the amount of plaintiff's damages." (Nelson Decl. Ex. 1.) Ruiz Fajardo presented evidence of lost profits and damage to reputation, as well as opinion testimony that the machine was "worthless" upon receipt.[3] Indeed, Ruiz Fajardo's burden concerning lost profits was to prove the *fact of damage* with reasonable certainty, not the *amount* of damage. (Jury Instruction No. 21 (Dkt. 67 at 23-24).) The jury was free to award Ruiz Fajardo damages in any amount that it found reasonable.

The Court should also decline Flow's invitation to speculate about how much time Ruiz Fajardo spent refuting the minor issues that were resolved on summary judgment. Aside from the revocation theory, the other issues resolved on summary judgment were: (1) whether Ruiz Fajardo was limited to claiming breach of the express warranty contained in the contract; and (2) whether the contract's warranty extended for only one year after the date of shipment. (Dkt. 42.) First, Ruiz Fajardo kept accurate and detailed time entries throughout this case and has already removed the appropriate time from its fee request. Flow is unable to find additional time entries spent addressing those issues because no additional time was spent developing them. Second, Flow's assertion that it would be appropriate to estimate that 50% of the time spent in this case went to the minor issues of fact resolved on summary judgment is patently ridiculous.[4] Ruiz Fajardo disputed these points—because it would not have been in its best interest to simply conceded them—but spent virtually no time addressing these minor issues prior to the motion for

---

[3] Flow is correct that the jury submitted a question to the Court concerning whether it could award the contract price of the machine—but it would inappropriate to impute that question to *all* of the jurors and to *assume* that each juror declined to award damages stemming from lost profits or damage to reputation. Flow never asked the jury to differentiate between the different types of damages available to Ruiz Fajardo and the jury did not.

[4] It is highly unlikely that Flow invested a significant amount of time on these minor issues. Unfortunately, Flow has refused to provide the Court with the benefit of its billing records to compare.

PLAINTIFF RUIZ FAJARDO'S REPLY TO FLOW'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS (2:16-CV-01902-RAJ)

- 3 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1377727/030819 1623/8404-0001

summary judgment. (Nelson Decl. ¶3.) Indeed, neither of these issues went to breach, notice, failure of the warranty's essential purpose, or damages. They were simply not important issues. Neither are they "claims" or "theories" for which it would be appropriate to reduce fees. Ruiz Fajardo never asserted that there were any implied warranties in the Complaint or its initial demand letter. Flow acknowledged this in its motion for summary judgment. (Dkt. 32 at 10-11.)

### 2. Flow Misrepresents the Events Surrounding Trial.

Flow made every attempt to ensure that the trial in this matter would not be timely or efficient. After failing to convince Ruiz Fajardo to agree that trial would take only two or three days, Flow represented to the Court that trial would take three days total. Ruiz Fajardo stuck with its original estimation that trial would take five days. (Nelson Decl. Ex. 3.) That estimation did not anticipate that Flow would engage in lengthy and repetitive cross examination and non-substantive translation objections.

Although Flow now complains of the lengthy video depositions shown to the jury, Flow was well aware of the length of these videos prior to the pretrial conference[5] and nevertheless failed to respond to Ruiz Fajardo's requests to cut unnecessary time. For example, Ruiz Fajardo identified time that could be removed and asked Flow to agree *prior* to trial. Flow responded at 9:08 p.m., three days later, during the middle of trial. (Nelson Decl. Ex. 4.) Similarly, Ruiz Fajardo proposed that the *entire* deposition of Jaime Ramirez be cut. (Nelson Decl. ¶5.) Flow declined to cut the entire deposition, but has nevertheless represented to the Court that *Flow* managed to cut 74 minutes of "wasted video time" when it was, in fact, Ruiz Fajardo that proposed cutting the majority of this time. (Dkt. 93 at 9.) Moreover, Ruiz Fajardo could not simply cut the videos without Flow's consent, as Flow would have the Court believe, because

---

[5] Pursuant to LCR 32(e), Ruiz Fajardo had the videos ready to submit to the Court by the date the pretrial order was due. It was not until the pretrial conference that Flow informed Ruiz Fajardo that it had hired an outside company to format the videos and that Ruiz Fajardo could use these videos—which were still unedited—if it agreed to pay Flow for half of the unknown cost to format and edit the videos. But Ruiz Fajardo had already edited the videos pursuant to the local rule and, accordingly, declined Flow's offer to spend even more money to edit new videos. (Nelson Decl. ¶4.)

PLAINTIFF RUIZ FAJARDO'S REPLY TO FLOW'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS (2:16-CV-01902-RAJ)

- 4 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1377727/030819 1623/8404-0001

these videos were *jointly designated* and presented to the jury as a part of *both* parties' cases. Given Flow's insistence on asserting non-substantive objections to Ruiz Fajardo's proposed exhibits, Ruiz Fajardo had no choice but to seek Flow's agreement to even the most minor edits to the videos or risk a time-consuming dispute in front of the jury. For example, Flow interposed an *anticipatory* objection to part of the video deposition testimony while it was playing for the jury because it apparently believed that there was a chance that Ruiz Fajardo had not edited out certain testimony that the Court had ruled inadmissible—despite the fact that Ruiz Fajardo had correctly edited the video. (Nelson Decl. ¶6.)

While editing and presenting video deposition testimony to a jury is time-intensive, it is clear that presenting video testimony was more time efficient and cost effective than presenting live witness testimony—especially in light of Flow's tedious cross examination strategy.

### 3.   Ruiz Fajardo Did Not Bill for Clerical Work.

"A court can award fees where a non-lawyer performs legal (as opposed to clerical) work, does so under the supervision of an attorney, and is qualified 'to perform substantive legal work.'" *Matson v. United Parcel Services, Inc.*, 2019 WL 652363 (W.D. Wash.) (quoting *Absher Constr. Co. v. Kent Sch. Dist.*, 79 Wn. App. 841, 917 P.2d 1086 (1995)).

Betts, Patterson & Mines, P.S. employs many legal assistants who assist attorneys with clerical tasks such as preparing and delivering copies, obtaining docket sheets, and updating calendars. Ruiz Fajardo's request for fees does not include *any* work performed by a legal assistant. Rather, Ruiz Fajardo has requested fees only for the legal work performed by its attorneys and highly trained paralegals. Although Flow summarily asserts that the "majority" of the work performed by paralegal Shane Kangas is clerical, Flow entirely fails to cite to *any* time entries to support its allegation. Flow's baseless assertion should be rejected.

The Court should similarly reject Flow's meritless assertion that Ruiz Fajardo's local attorney, Miguel Ocampo, performed duplicative and clerical work. First, Flow incorrectly

PLAINTIFF RUIZ FAJARDO'S REPLY TO FLOW'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS (2:16-CV-01902-RAJ)

- 5 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1377727/030819 1623/8404-0001

represents to the Court that Mr. Ocampo billed for the time that he spent at trial and at depositions. But a review of the fee agreement between Mr. Ocampo and Ruiz Fajardo reveals that Mr. Ocampo received a flat fee for his work in this matter—not an hourly fee. Second, Mr. Ocampo provided substantive legal assistance to Ruiz Fajardo throughout this matter. Mr. Ocampo did not simply "procure translations"—he reviewed the relevant documents in this matter and determined which were of such legal significance that they should be translated professionally. Mr. Ocampo worked with Ruiz Fajardo's expert witnesses, participated in strategy discussions, oversaw the summer 2017 repair effort by Flow, and prepared witnesses for trial. (Nelson Decl. ¶7.) Flow's assertion to the contrary should be rejected.

**4.  Flow Drove Up the Cost of Litigation and is Responsible for Those Costs.**

"At the outset, we note that the amount of the recovery, while a relevant consideration in determining the reasonableness of the fee award, is not a conclusive factor. We will not overturn a large attorney fee award in civil litigation merely because the amount at stake in the case is small." *Mahler v. Szucs*, 135 Wn.2d 398, 433, 957 P.2d 632 (1998) (internal citations omitted).

Flow has refused to accept any responsibility for its actions since selling Ruiz Fajardo a defective waterjet cutting machine in 2012.[6] Flow has fought Ruiz Fajardo at every opportunity throughout this litigation, putting on a vigorous defense and driving up the cost of litigation as a result. Flow is now responsible for those costs. *See Cmty Ass'n for Restoration of the Env't, Inc. v. Cow Palace, LLC*, 2016 WL 3582754 (E.D. Wash.) ("As was their right, Defendants fought Plaintiffs at every turn; however, they cannot now label unreasonable the amount of time Plaintiffs' counsel expended in order to respond to the vigorous defense put on by Defendants' counsel.") (citing *Democratic Party of Washington State v. Reed*, 388 F.3d 1281, 1287 (9th Cir. 2004)). The Court should award Ruiz Fajardo all of its requested attorneys' fees and costs.

---

[6] Flow's last settlement offer was for only $75,000 plus some spare parts and maintenance. Flow apparently values the spare parts and maintenance at roughly $125,000. (Dkt. 93 at 4.) Ruiz Fajardo saw virtually no value in this offer. (Nelson Decl. ¶8.)

PLAINTIFF RUIZ FAJARDO'S REPLY TO FLOW'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS (2:16-CV-01902-RAJ)

- 6 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1377727/030819 1623/8404-0001

1   DATED this 8th day of March, 2019.

2                                           BETTS, PATTERSON & MINES, P.S.

4                                           By  /s James D. Nelson
                                            By  /s Shaina R. Johnson
5                                           By  /s Jesse L. Taylor
                                                James D. Nelson, WSBA #11134
6                                               Shaina R. Johnson, WSBA #46079
                                                Jesse L. Taylor, WSBA #51603
7                                           Betts, Patterson & Mines, P.S.
                                            One Convention Place, Suite 1400
8                                           701 Pike Street
                                            Seattle WA  98101-3927
9                                           Telephone:    (206) 292-9988
                                            Facsimile:    (206) 343-7053
10                                          E-mail:       jnelson@bpmlaw.com
                                            E-mail:       sjohnson@bpmlaw.com
11                                          E-mail:       jtaylor@bpmlaw.com
                                            Attorneys for Plaintiff

PLAINTIFF RUIZ FAJARDO'S REPLY TO FLOW'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS (2:16-CV-01902-RAJ)

- 7 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1377727/030819 1623/8404-0001

## CERTIFICATE OF SERVICE

I, Karen L. Pritchard, hereby certify that on March 8, 2019, I electronically filed the following:

- **Plaintiff Ruiz Fajardo's Reply to Flow's Opposition to Motion for Attorneys' Fees and Costs; and**

- **Certificate of Service**

with the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel for Defendant Flow International Corporation*
Andrew Escobar
Jeffrey DeGroot
Alexandria Walker
DLA Piper LLP
701 5th Ave Ste 7000
Seattle, WA 98104-7044

DATED this 8th day of March, 2019.

          s/ Karen L. Pritchard
          Karen L. Pritchard, Legal Assistant

PLAINTIFF RUIZ FAJARDO'S REPLY TO FLOW'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS (2:16-CV-01902-RAJ)

- 8 -

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

1377727/030819 1623/8404-0001