HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUIZ FAJARDO INGENIEROS ASOCIADOS S.A.S., <br><br> Plaintiff, <br><br> v. <br><br> FLOW INTERNATIONAL CORPORATION, <br><br> Defendants. | CASE NO. C16-1902 RAJ <br><br> ORDER |

This matter comes before the court on Defendant Flow International Corporation's ("Flow") Motion to Quash Subpoena and for a Protective Order ("Motion"). Dkt. # 91. Plaintiff Ruiz Fajardo Ingenieros Asociados S.A.S. "Ruiz Fajardo") has opposed this Motion, and Defendant has filed a Reply. Dkt. ## 95, 102. For the reasons stated below, the Court **GRANTS** Flow's Motion.

## I. DISCUSSION

A jury trial in this matter concluded with a verdict for Ruiz Fajardo on February 7, 2019. Dkt. # 74. On February 11, 2019 Ruiz Fajardo requested attorney billing information from Flow, including all invoices, billing statements, batch statements, hourly rates, expert witness fees, and costs associated with this matter. Dkt. # 92, Ex. A. The following day, Ruiz Fajardo formally served Flow with its second set of interrogatories and requests for production of documents requesting this information and a notice of subpoena to DLA Piper. Dkt. # 92, Ex. B. Ruiz Fajardo formally served a subpoena on DLA Piper on February 14, 2019. *Id.*, Ex. D. Flow objects to this attempted discovery into its counsel's billing information. Dkt. # 91.

District courts have significant discretion to control discovery. *See* Fed. R. Civ. P. 26(b)(1); *see also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). District courts may issue protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," that would result from the disclosure of certain discovery. Fed. R. Civ. P. 26(c)(1)(A). The party seeking a protective order has the burden of proving that good cause exists for the entry of the order. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Additionally, on timely motion, district courts must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Courts in this District have ruled that subpoenas that seek to compel information that is irrelevant to the claims at issue inherently impose an undue burden. *See, e.g., Jimenez v. City of Chicago*, 733 F. Supp. 2d 1268, 1273 (W.D. Wash. 2010).

The Court agrees with Flow that the discovery Ruiz Fajardo seeks into DLA Piper's billing information is overbroad, burdensome, and of minimal relevance. First, the requested attorney time records likely implicate information protected by the attorney-client privilege. *See Travelers Prop. Cas. Co. of Am. v. Centex Homes*, No. 11-3638-SC, 2013 WL 707918, at *1 (N.D. Cal. Feb. 26, 2013) ("Under Ninth Circuit

authority, 'attorney-client privilege embraces attorney time, records and statements to the extent that they reveal litigation strategy and the nature of the services provided.'") (citing *Real v. Cont'l Group, Inc.*, 116 F.R.D. 211, 213 (N.D. Cal. 1986) ); *Bell v. Ken Lee*, No. 13-CV-05820-SI, 2017 WL 1956828, at *3 (N.D. Cal. May 11, 2017) (stating that invoices and agreements such as "correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the [attorney-client] privilege.") (citing *Clarke v. Am. Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992)). Although Ruiz Fajardo has requested that Flow redact all privileged information contained within these records, the Court agrees with Flow that doing so for the entirety of the billing records in this long-running case would impose a substantial burden, to limited benefit.

Next, Ruiz Fajardo claims that Flow's billing information is necessary to establish the reasonableness of its requested fees. Dkt. # 95 at 1-2, 7-10. The Court disagrees, and does not believe that the billing records of Flow's counsel will be helpful or necessary in ruling on Ruiz Fajardo's Motion for Attorney's Fees. The Court is adequately prepared to use its own familiarity with the case, law, and applicable billing rates in the Puget Sound area, to rule on the reasonableness of Ruiz Fajardo's claimed fees. This Court routinely rules on these sorts of requests frequently, without reference to opposing counsel's billing information, and it is capable of doing so again in this matter.

Ruiz Fajardo is also concerned the Flow will be disingenuous or hypocritical in arguing the reasonableness of time Ruiz Fajardo's counsel spent on certain tasks. Dkt. # 95 at 8-9. However, Flow's Opposition to Ruiz Fajardo's Motion for Attorney Fees (Dkt. # 84) did not echo this concern; instead, it argued that Ruiz Fajardo's award should be reduced because (a) it was substantially larger than the jury verdict; and (b) for time spent on clerical work, unsuccessful claims, and for "unproductive" time at trial purportedly spent on video editing. Dkt. # 93. The Court is already familiar with the parties'

behavior during trial and does not require additional evidence from Flow to consider these arguments.

Ultimately, the Court already has adequate briefing and information from both parties to rule on Ruiz Fajardo's Motion for Attorney's Fees. Additional discovery into Flow's billing records would be unnecessary, likely overly burdensome to Flow, and would only further delay the ultimate resolution of this case. The Court finds it appropriate to **GRANT** Flow's request to quash Ruiz Fajardo's subpoena and issue a limited protective order preventing Flow from disclosing its billing records.

## II. CONCLUSION

For the reasons stated above, the Court **GRANTS** Flow's Motion. Dkt. #91. Ruiz Fajardo's subpoena against DLA Piper is hereby **QUASHED**. Flow need not disclose its attorney billing records for this case.

Dated this 13th day of June, 2019.

HONORABLE RICHARD A. JONES
United States District Judge

ORDER- 4