HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RUIZ FAJARDO INGENIEROS ASOCIADOS S.A.S.,

Plaintiff,

v.

FLOW INTERNATIONAL CORPORATION,

Defendants.

CASE NO. C16-1902 RAJ

ORDER

This matter comes before the Court on Defendant Flow International Corporation's ("Flow") Renewed Motion for Judgment as a Matter of Law and Motion for a New Trial. Dkt. # 98. Plaintiff Ruiz Fajardo Ingenieros Asociados S.A.S. ("Ruiz Fajardo") has opposed this Motion, and Defendant has filed a Reply. Dkt. ## 103, 105. For the reasons stated below, the Court **DENIES** Flow's Motion.

# I. BACKGROUND

On December 13, 2016, Ruiz Fajardo brought this action against Flow, asserting claims under Washington law against Flow for breach of contract and warranty arising out of the sale of a waterjet cutting machine. Dkt. # 1. Prior to trial, the parties submitted a joint statement of disputed jury instructions. Dkt. # 50. Flow proposed that the instruction defining defects in workmanship and materials include the following language: "A defect in workmanship or material does not include a design defect. A design defect exists when the product is built in accordance with its intended specifications, but the design itself is inherently defective." *Id*. at 24. The Court did not include this language in its final instruction, which stated in full: "The express warranty in the sales contract is one for a defect in workmanship and materials. A defect in workmanship is a defect in the way some part of the machine is constructed. A defect in material is a defect in quality." Dkt. # 67 at 18.

The jury trial began on January 28, 2019 and concluded on February 6, 2019. Dkt. # 61-66. Shortly before the jury rendered its verdict, the jury asked the Court: "In lieu of lost profits may we award compensation in form of the amount of contract price of a Mach 4 $437,830?" Dkt. # 72. After conferring with counsel, the Court responded: "You may award damages you believe are appropriate and recoverable in light of the instructions provided to you." *Id*. at 2; *see also* Dkt. # 68. On February 7, 2019, the jury entered a verdict in favor of Ruiz Fajardo, awarding Ruiz Fajardo $437,830 in unspecified damages. Dkt. # 74.

The parties proceeded to file several post-trial motions. Ruiz Fajardo filed (1) a Motion for Attorney Fees and Costs (Dkt. # 84); and (2) a Motion for Bill of Costs (Dkt. # 89). The Court has not yet ruled on these motions. Flow filed (1) a Motion to Quash (Dkt. # 91); and (2) the present Motion. The Court granted Flow's Motion the Quash. Dkt. # 107.

## II. DISCUSSION

Flow's Motion contains three parts. First, Flow moves under Rule 50(b) for a renewed judgment as a matter of law. Dkt. # 98 at 7-10. Next, Flow moves under Rule 59 for a new trial. *Id*. at 11-16. Finally, Flow moves under Rule 62 for a stay of enforcement pending resolution of the parties' post-trial motions. *Id*. at 17. The Court addresses each in turn.

### A. Motion for Renewed Judgment as a Matter of Law

On February 1, 2019, immediately after the close of Ruiz Fajardo's case, Flow brought an oral Rule 50(a) Motion for Judgment as a Matter of Law on two bases: (1) Ruiz Fajardo had no legally sufficient basis to prove that the software issues it allegedly suffered were covered under the express warranty at issue in this case; and (2) Ruiz Fajardo had no legally sufficient basis to recover lost profits for a new business line. Dkt. # 81 at 96:5–107:21. The Court denied the motion, and Flow has now renewed it. *See Id*. at 107:20–21.

After the jury has entered its verdict, judgment as a matter of law may be granted "only if the Court finds that no reasonable jury could have produced that verdict, even viewing the evidence and drawing all inferences in a manner most favorable to the prevailing party." *Morales v. Fry*, C12-2235-JCC, 2014 WL 4966908, at *2 (W.D. Wash. Oct. 3, 2014), *aff'd*, 873 F.3d 817 (9th Cir. 2017). Judgment as a matter of law is "appropriate when the evidence presented at trail permits only one reasonable conclusion." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986). A party who moved for judgment as a matter of law during trial may renew his request for judgment as a matter of law after entry of judgment. Fed. R. Civ. P. 50(b). After trial, a renewed motion may be granted only if the evidence, "permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2005). On motion for judgment as a matter of law, the "evidence must be

viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." *LaLonde v. County of Riverside*, 204 F.3d 947, 959 (9th Cir. 2000); *see also Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 149–50 (2000).

      Flow's Renewed Motion for Judgment as a Matter of Law focuses on one of the issues raised in its Rule 50(a) Motion: whether the Contract's limited warranty covered software defects, which Flow designates "design defects." Dkt. # 98 at 7-10. Flow contends that there is no "legally sufficient basis" for a reasonable jury to find that the express warranty at issue in this case covered design defects, which Flow contends were "the only defects Plaintiff presented to the jury as the basis for its breach of warranty claim." Dkt. # 98 at 8-10. The Court does not necessarily agree with either the premises or conclusion of this argument. First, the Court agrees with Ruiz Fajardo that the jury was presented with evidence of potential defects beyond the software "design defects" Flow identifies. *See, e.g.*, Dkt. # 79 at 136:17-137:9 (identifying x-axis motor as potential cause of start-up issues); Ex. 21 (describing repairs by Flow including replacement of various machine parts); Ex. 38 (describing leaks in various parts and overheating power cord); Ex. 39 (describing needs for replacement of various parts). This evidence, viewed in the light most favorable to Ruiz Fajardo, could have provided a basis for the jury's verdict separate from the software "design defect" issue. Second, the Court is still not convinced that Washington law mandates that software "design defects" be excluded from the parties' Limited Warranty in this case. Although Flow provides some cases distinguishing between defects in software design and defects in material quality (see Dkt. # 98 at 8-9), none of the authorities cited by Flow originate from Washington or address Washington law. *See McDonnell Douglas Corp. v. Thiokol Corp.*, 124 F.3d 1173, 1177 (9th Cir. 1997) (analyzing California law); *McCabe v. Am. Honda Motor Co.*, 100 Cal. App. 4th 1111, 1120 (2002) (same); *Bros. v. Hewlett-Packard Co.*, C-06-02254RMW, 2007 WL 485979, at *2 (N.D. Cal. Feb. 12, 2007)

(same); see also *Lombard Corp. v. Quality Aluminum Prod. Co.*, 261 F.2d 336, 338 (6th Cir. 1958) (analyzing Ohio law); *Hughes v. Panasonic Consumer Elecs. Co.,* CIV.A. 10-846 SDW, 2011 WL 2976839, at *19 (D.N.J. July 21, 2011) (analyzing New Jersey law). Washington law applies to the parties' contractual dispute, and Flow fails to provide Washington authorities for its arguments here, or show that the authorities it cites have ever been applied in Washington. At this point in the litigation, the Court does not have a sufficient basis to reinterpret the terms of the parties' agreement, or create new Washington precedent when there is no compelling reason to do so.

Accordingly, the Court **DENIES** Flow's Renewed Motion for Judgment as a Matter of Law.

B. **Motion for a New Trial**

The standard under which the court considers Flow's Motion for a New Trial is distinct from the standards under which it considers Flow's Renewed Motion for Judgment as a Matter of Law. Under Rule 59(a)(1)(A), the "court may, on motion, grant a new trial on all or some of the issues—and to any party ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Rule 59 does not specify the grounds on which a motion for new trial may be granted." *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 729 (9th Cir. 2007). Rather, the Court is "bound by those grounds that have been historically recognized." *Id.* "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Id.* (citation omitted).

A motion for new trial should not be granted "simply because the court would have arrived at a different verdict." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002); *U.S. v. 40 Acres*, 175 F.3d 1133, 1139 (9th Cir. 1999). Indeed, when a motion for a new trial is based on insufficiency of the evidence, "a stringent standard applies" and a "new trial may be granted . . . only if the verdict is against the great weight of the evidence" or

"it is quite clear that the jury has reached a seriously erroneous result." *Digidyne Corp. v. Data Gen. Corp.*, 734 F.2d 1336, 1347 (9th Cir. 1984) (internal quotations and citations omitted). Further, the Court should uphold a jury's award of damages unless the award is based on speculation or guesswork. *See City of Vernon v. S. Cal. Edison Co.*, 955 F.2d 1361, 1371 (9th Cir. 1992). Finally, the Court notes that "denial of a motion for a new trial is reversible 'only if the record contains no evidence in support of the verdict' or if the district court 'made a mistake of law.'" *GoDaddy Software, Inc.*, 581 F.3d at 962 (9th Cir. 2009) (citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007)).

First, Flow contends that the clear weight of the evidence does not support the jury's verdict because the award, $437,830, reflects a determination that the machine was "worthless" because it is the exact purchase price of the machine. Dkt. # 98 at 12. Flow argues that this determination is counter to the weight of the evidence that the machine has since been restored to working order, and is thus not "worthless." *Id.* at 12-14. While the Court agrees that the machine is not "worthless," the Court cannot say with conviction that this is the only reasonable interpretation of the jury's verdict. The jury was tasked with determining the appropriate amount of damages, which could have included incidental and consequential damages, including damage to reputation and goodwill. Dkt. # 67 at 23. There is no indication in the record that the purchase price of the machine would be an inappropriate figure to reflect these damages, even if the jury excluded lost profits from the damage calculation. The jury's monetary verdict was not excessive, and was within the range the evidence supported. The Court finds no basis for ordering a new trial simply because of the amount of the verdict matched the purchase price of the machine.

Second, Flow contends that the Court improperly instructed the jury by not including Flow's the following instruction with the Court's Jury Instruction No. 16: "A defect in workmanship or material does not include a design defect. A design defect exists when the product is built in accordance with its intended specifications, but the

design itself is inherently defective." Dkt. # 50 at 24; Dkt. # 98 at 14-16.  Again, Flow's proposed instruction was not supported by any Washington authority holding that a warranty like the one at issue in this case necessarily excludes defects in design.  Flow cites two product liability cases, and neither originate from Washington or apply to Washington law.  Dkt. # 98 at 15.  The Court does not believe it erred by not including such a statement that was not supported by citations to appropriate Washington authoirty.  Moreover, as Ruiz Fajardo notes, Flow has not provided the Court with Washington authority holding that software defects are necessarily defects in design, and Flow proposed no such instruction.  Dkt. # 50.  Even if the Court included Flow's proposed instruction, it is not clear the outcome would change.

Accordingly, the Court **DENIES** Flow's Motion for a New Trial.

**C.    Motion for Extension of Stay**

Federal Rule of Civil Procedure 62(a) provides an automatic stay of thirty (30) days following judgment.  Fed. R. Civ. P. 62(a).  Rule 62(b) provides, in relevant part, that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. . . . The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security."  Fed. R. Civ. P. 62(b).[1]

Flow requests that the execution of the $437,830 judgment be stayed pending resolution of all post-trial motions, and for the Court to do so without requiring Flow to post any bond or security.  Dkt. # 98 at 16.  The Court will reject this request for two reasons.  First, because the Court is denying Flow's post-trial Motions under Rules 50 and 59, there is no potential in the short term that the judgment is altered, amended, or reversed,  as the only remaining post-trial motions are Ruiz Fajardo's Motion for

---

[1] Flow's Reply appears to quote language from Washington State's Rule 62(b), or a previous version of Federal Rule 62(b), not the current Federal Rule 62(b). Dkt. # 105 at 6.  The Court applies the current Federal Rule 62(b) here.

Attorney's Fees and Motion for Bill of Costs.  Dkt. ## 84, 89.  The Court continues to consider these motions, and will rule on them shortly.  Second, even if this Court were inclined to grant a stay for the limited time remaining before it rules on the outstanding motions, Flow has failed to provide a compelling reason why it should be allowed such a stay without security.  While Rule 62(b)'s newly-amended language provides for "security" in forms other than a bond, Flow is offering no such alternative security.  Without such a security, Flow has failed to show that it is entitled to a stay of execution of the judgment.  *See Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996) ("The district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditor.").

Accordingly, the Court **DENIES** Flow's Motion for an Extension of Stay.

## III.  CONCLUSION

For the reasons stated above, the Court **DENIES** Flow's Motion.  Dkt. # 98.

Dated this 24th day of June, 2019.

The Honorable Richard A. Jones
United States District Judge